## COLE *against* HAWES.

Where the grantor in a deed covenanted generally, that he was well seised, &c. and had a good right to convey the premises, &c. and then added further, that he warranted the premises to the grantee and his heirs, " against all claims and demands, except the lord of the soil ; " it was held, that both covenants must be taken and construed together, and that the last qualified and restrained the first.

THIS was an action of covenant, brought on the covenant of *seisin*, contained in a deed of bargain and sale, executed by the defendant to the plaintiff, for certain lands in the county of Columbia.

The declaration stated the covenant to be, that the grantor, at and until the sealing and delivering of the deed, was well seised of the premises thereby bargained and sold, and that he had good right to bargain and sell the same, &c. and averred, that the defendant, at and until the sealing and delivering of the deed, was not well seised, &c. The defendant craved *oyer* of the deed, in which was the following clause, in addition to the covenant of seisin : " Furthermore I, the said Lymen Hawes, do bind myself, my heirs and assigns ; firmly by these presents, to warrant and defend the above granted and bargained premises to him the said John Cole, his heirs and assigns for ever, against all claims and demands whatever, except the lord of the soil. In witness," &c.

The defendant then pleaded, that at the time of the executing of the deed, one D. Penfield was seised of the premises in fee simple, and was the lord of the soil [\*204]     \*thereof ; and that, except as to the right and title of the said D. Penfield, the defendant had good right to convey, as mentioned in his deed.

To this plea the plaintiff demurred, and the defendant joined in demurrer.

*W. W. Van Ness*, for the plaintiff.

*Spencer*, contra.

*Per Curiam.* The suit is on a covenant in a deed, that

Coles v. Hawes.

the defendant was seised of the premises, and had a right to convey. The plea states, that the defendant warranted the land against all but the lord of the soil, and that as against all but the lord of the soil, he was well seised, &c.

The last covenant explains the first; and in construing, them, both must be taken together. The deed itself declares, that there existed, distinct from the grantor, a lord of the soil. This was explicitly told to the grantee, by the deed. It is not to be supposed that the defendant would, in one line, covenant absolutely that he was seised, when he admitted, and it was so understood by both parties, that there was a lord of the soil, and when, in the next line, the defendant only warranted against all, *except the lord of the soil.* This exception was manifestly intended to apply to both covenants. The spirit of the agreement, and good sense, as well as justice, require such a construction.

We are, therefore, of opinion, that the defendant is entitled to judgment.

Judgment for the defendant.(*a*)

(*a*) Exposition must be upon the whole instrument, *ex antecedentibus et consequentibus,* and according to the reasonable sense and construction of the words. Per Lord Ellenborough in *Iggulden* v. *May,* 7 East, 241. *Trenchard* v. *Hoskins,* Winch, 93. *Doe d. Spencer* v. *Godwin,* 4 M. & S. 265. *Barton* v. *Fitzgerald,* 15 East, 541. *Doe d. Bish* v. *Keeling,* 1 M. & S. 95. *Sickle- more* v. *Thistleton,* 6 ibid. 12. *Earl of Clanrickarde's case,* Hob. 275, 277 *Noke's case,* 4 Co. 81, a. *Kingston* v. *Preston,* 2 Doug. 689. *Pigot* v. *Bridge,* 1 Vent. 292. *Ferrers* v. *Newton,* 1 Sid. 312. *Foord* v. *Wilson,* 2 Moore, 592. *Glazebrook* v. *Woodrow,* 8 T. R. 370. *Watchman* v. *Crook,* 5 Gill & Johns. 239. *Ludlow* v. *M'Crea,* 1 Wend. 228. *Marvin* v. *Stone,* 2 Cowen, 781. *Quackenboss* v. *Lansing,* 6 Johns. 49. Thus Plowden says, the scope and end of every matter is principally to be considered; and if the scope and end of the matter be satisfied, then is the matter itself and the intent thereof also accomplished. Plowd. 18, cit. per Lord Ellenborough, 8 East, 89. Lord Hobart also coincides in the same views, saying, the law, being to judge of an act, deed, or bargain, consisting of divers parts, containing the will and intent of the parties, all tending to one end, doth judge of the whole, and gives every part his office to make up that intent, and doth not break the words in pieces. Hob. 275. For the general rules in relation to the construction of covenants ; see 1 Bouvier's Law Dic. tit. Construction and references ; 2 Bl. Com. 379 ; 2 Com. on Cont. 23 to 28 ; 3 Chit. Com. Law, 106 to 118 ; Poth. Oblig. P. 1, c. 1, art. 7 ; 2 Evan's Poth. Ob. 35 ; Long on

Sales, 106 ; 1 Fonb. Eq. 145, n. b ; Ib. 440, n. 1 ; Whart. Dig. Contract, F. ; 1 Powell on Contr. 370 ; Shepp. Touchst. c. 5 ; Louis. Code, art. 1940 to 1957 ; Com. Dig. Merchant, (E. 2,) n. (j) ; 8 Com. Dig. tit. Contract, iv. ; Lilly's Reg. 794 ; 18 Vin. Abr. 272, tit. Reference to Words ; 16 Vin. Abr. 199, tit. Parols ; Hall's Dig. 33, 339 ; 1 Ves. Jun.210, n. ; Vattel, B. 2, c. 17 ; Chit. Contr. 19 to 22 ; 4 Kent, Com. 419 ; Story's Const. § 397–456 ; Ayl. Pand. B, 1, tit. 4 ; Rutherf. Inst. B. 2, c. 7, § 4–11 ; 20 Pick. 150 ; 1 Bell's Com. (5th ed.) 431. See also 2 Steph. Nisi Prius, 1053, *et seq. ;* 1 United States Dig. 675, *et seq. ;* where numerous authorities can be found in support of the principle of *Cole* v. *Hawes.*