Jackson, J.
The evidence objected to was not admitted to contradict the deed, or to give a construction to the contract contrary to the written terms of it. Under the direction of the judge, the jury could only have considered it as proving the state of facts, as they existed at the time of the conveyance. These facts were, that the defendant had, many years before, sold and conveyed the acre of land in question; that the deed had been acknowledged and registered ; that the grantee under that deed had long been in the open and exclusive possession of the land, having built a house upon it, in which he lived; with other circumstances, from which the jury might infer that the plaintiff was well informed of all these facts; that he paid nothing for this acre, and that it was by mistake only that it was not excepted from the deed of conveyance. These facts were proper for the consideration of the jury in assessing the damages ; and it was evident that some of them could not be better proved than by the declarations of the plaintiff himself.
This is not like the case of Paine vs. M’Intier, cited for the plaintiff. There the evidence offered went to prove the confession or agreement of the party, as to the true intent and construction of the deed, contrary to the express terms of it. So, in Townsend vs. Weld, the evidence was offered to prove a parol agreement directly contrary to the covenant in the deed. In the .present case, the evidence went to prove, not any agreement or contract by the plaintiff, but merely to show the state of facts actually existing, and the plaintiff’s knowledge of them; and his declarations of his knowledge at the time would be the best evidence of that fact. We are, therefore, satisfied that this evidence was rightly admitted at the trial, f
As to the other question, we think the direction of the judge was right, and that the verdict is not objectionable on account of its giving only nominal damages.
*It has been sometimes said that, in actions in which damages only are to be recovered, the jury are chancellors, and may give such damages as the case requires in equity. This is true in actions founded on tort. But in contracts, where the precise sum is fixed and agreed on by the parties, as in many actions of assumpsit and of covenant, the jury are confined to that sum.
† ADDITIONAL ‘ NOTE.
[In JYcie Hampshire, when one tract of land is by mistake conveyed instead of another, the mistake cannot be corrected in a court of "law. — Bell vs. Morse, 6 N. H 205. — See Van Wyck vs. Wright, 18 Wend. 157. — F. H.]
*455 In the case, so often cited, of James vs. Morgan, (1 Lev. 111,) the defendant had agreed to pay for a horse a barleycorn a nail, doubling it for every nail in the horse’s shoes. The price, upon this contract, would have amounted to 100?. But the jury, under the direction of Chief Justice Hide, gave only 8?., being the value of the horse. That case is cited with approbation by Chief Justice Hale in 1 Vent. 267, and by Lord Hardwicke in 1 Wils. 295. In that case, like the present, the contract was not held to be void for any supposed fraud or mistake, or on account of its being an oppressive or unconscionable bargain ; but the evidence to that effect was properly considered by the jury in assessing the damages.
There is a similar case reported in 2 L.Raym. 1164, (3) where the defendant had agreed, for a small consideration, to deliver two barleycorns on a certain Monday, and to double it successively on every Monday in the year. The court determined that the action could be maintained on the contract; but said that the jury would consider the circumstances, and give only such damages as should be reasonable. And on this occasion, also, the case of James vs. Morgan was recognized as good law. There was not in either of these cases any evidence of actual fraud or deception on the part of the plaintiff at the time of making the bargain. The fraud, if it is necessary to suppose any in the case, consisted in afterwards taking advantage of the defendant’s ignorance or mistake, and attempting to enforce by action the performance of a contract, such (as Lord Hardwicke expresses it) “ as no man, in his senses, would make, or as no honest man would come into.” .(4)
*To apply these principles to the present case: [ *463 J It is, in effect, found by the jury that both parties, at the ■ time of the conveyance, knew that the acre of land in question was the property of James Stone, and occupied by him, and that it could not pass by this deed. It is therefore impossible that these parties, acting with common sense and common honesty, should intend or suppose that the covenants of seisin and title should extend to this acre; unless on the ground that the defendant then expected and intended to buy in that acre, and so make the title good for the whole ; and that the plaintiff, on this expectation, consented to take, for the time, a defective title, relying, meanwhile, on the covenants in the deed.
But this point was, in effect, left to the jury; and they have de cided it against the plaintiff. They could not, under the direction of the judge, have given this verdict, unless they found that the defendant paid nothing for that acre; that it was not considered bj *456 either party as included in the purchase, and was included in the deed by mis ¡alte.
This presents a much stronger case for the equitable consideration of the jury than either of those before cited. It is stronger also for the defendant in another view, inasmuch as here there is no precise sum fixed by the parties, and no damage ascertained by their contract, which might be considered as governing and controlling the jury.
There is another ground on which this verdict may be supported, and which was suggested in the argument for the defendant. As the defendant was not seised of the acre of land in question, it did not pass by the deed ; and the measure of damages, therefore, would be the consideration paid for it. Suppose a man bargained for one acre of land at the price of ten dollars, and afterwards for another adjoining acre at fifty dollars; and they were included in one deed for the consideration of sixty dollars. If the grantor was not seised of the second acre, the plaintiff, in an action on the covenant, would be permitted to prove the agreed price for [ * 464 ] * that acre, and to recover accordingly ; and he would not be limited to half the consideration money, as expressed in the deed. Suppose, in the present case, there had been no fraud or mistake, and that the plaintiff had, in fact, agreed to purchase this one acre; he would be allowed, in this action, to prove, from the testimony of witnesses acquainted with the premises, how much this acre was worth in proportion to the whole land ; and he would recover that proportion of the whole consideration money. If, then, he might prove the value by the opinion of witnesses, a fortiori, he might prove the opinion of the parties to the same point, by showing what was actually paid and received. He might then prove, if the fact was so, that, after having bargained for the other part of the granted premises at a certain price, he agreed also to purchase this acre ; and that, in consequence of the buildings and improvements upon it, he gave 1000 dollars for it; and that both parcels were then included in the deed. Upon such evidence, there is no doubt that he would be entitled to recover the 1000 dollars, although it should exceed the price paid for the other ninety-nine acres, and be more than a moiety of the whole consideration money. Jf such evidence could be offered by the plaintiff, when it tends to enhance the damages, there is no reason why the defendant should not use the like means to reduce them. In the present case, the defendant has proved that, in fact, nothing was paid for this acre • and the jury have, therefore, very properly given only nomina, damages.

Judgment according to the vet diet

 3 Salk. 97.-6 Mod. 305, S. C.

 See also 8 Mass. Rep. 257, 266