### Branch Harlow *versus* Abial Thomas.

The defendant conveyed to the plaintiff "all that part of my land and messuage, which I purchased of J. B. by deed dated October 24th, 1826, and recorded in the Plymouth registry of deeds, book 165, folio 19, 20," defining it by metes and bounds, and covenanted against all incumbrances. The deed from J. B. reserved a right of way over such land for the purpose of taking water from a spring situated in it. It was *held*, in an action upon this covenant, that the existence of such easement was a sufficient breach of the covenant ; that the reference to the deed from J. B. was made to identify the land conveyed, and not for the purpose of limiting or qualifying the estate granted; and so did not exempt the defendant from his liability on such covenant ; and that parol evidence, that the plaintiff knew, at the time of the execution of the deed, of the existence of the easement, expected it to remain, and bought the land subject thereto, was inadmissible to control the meaning of the covenant, or in mitigation of damages.

In such case, a just compensation for the real injury resulting from the continuance of the easement, is the measure of the damages.

Covenant broken. By an agreed statement of facts it appeared, that the defendant, on December 2, 1829, for the consideration of the sum of $580, conveyed to the plaintiff real estate situated in Middleborough, which was described in the deed as "all that part of my land and messuage near Pope's Point Furnace, which I purchased of John Bent, by deed dated October 24th, 1826, and recorded in the Plymouth registry of deeds, book 165, folio 19, 20," and defined by metes and bounds ; and that the deed contained a covenant "that the premises are free of all incumbrances ;" which is the covenant alleged to have been broken.

It also appeared, that the deed from Bent to the defendant contained the following reservations : " Also, reserving a foot pathway for Sampson Perkins and Holmes Sampson, and their heirs and assigns, to go and come after water at a certain spring on said land, where it shall be the least damage and be the most beneficial ; also reserving a privilege of taking water out of the spring on said land in logs as they are fixed now, and the right of keeping them there for my use or anybody else, for my heirs and assigns or others, their heirs and assigns, for ever, and a right to put in logs for the water to run in, and not to take any more water than is taken now ; " and that this deed contained covenants similar to those contained in the deed of the defendant to the plaintiff; that pre-

viously to the execution of this deed, Bent, being seised of two parcels of land situated near the premises, had conveyed one of them to Perkins, and the other to Sampson, together with the privilege of going to the spring for the purpose of obtaining water ; and that these several privileges of taking water from the spring were still used and enjoyed.

For the purpose of presenting the questions of law to the consideration of the Court, it was agreed, that it could be proved by witnesses, that on the day when the deed from the defendant to the plaintiff was executed, an officer and appraisers were assembled for the purpose of extending execu tions on the land conveyed therein, the plaintiff being one of the appraisers ; that the spring was shown to them, and a conversation was had about the logs which conveyed the water from the spring to the Furnace ; that the land was appraised at the sum of $566 ; that the defendant's wife relinquished her right of dower ; that the plaintiff paid the creditors ; that the deed from Bent to the defendant was produced by the defendant, and laid upon the table : that the plaintiff was present when tne deed to him was drawn, and until it was executed , that when it was read, it was mentioned, that the privileges enjoyed by the neighbours, of taking water from the spring, were not expressed ; that the scrivener thereupon replied, *that it was not necessary, as the old writings, the deed from Bent, were referred to ;* that the plaintiff had lived at the Furnace, before the execution of the deed to him ; that during that time, all the water used was taken from the spring, by means of logs ; that these logs were taken up, cleansed and replaced, while the plaintiff lived at the Furnace ; that there was a plainly trodden pathway from the highway to the spring by the plaintiff's house, through a gate by the highway, which also was the passage way from the highway to the house and from the house to the spring ; and that this pathway had existed twenty-five years.

*Stevens,* for the plaintiff, to the point, that the plaintiff's knowledge of the existence of the easement did not exempt the defendant from liability on his covenant, cited *Townsend* v. *Weld,* 8 Mass. R. 146 ; *Ingersoll* v. *Jackson,* 9 Mass. R. 195 ; to the point, that the parol evidence was inadmissible to

*Oct 24th*

Harlow
v.
Thomas.

control the covenant, *Paine* v. *M'Intier*, 1 Mass. R 69 ; and to the point, that the damages must be assessed by a jury, *Kellogg* v. *Ingersoll*, 2 Mass. R. 97 ; *Prescott* v. *Trueman*, 4 Mass. R. 627.

*Eddy*, for the defendant. By the reference to Bent's deed, it was in effect incorporated into the deed to the plaintiff; and as the easements were expressly reserved there, this covenant must be construed not to apply to them ; for the covenant does not extend beyond the grant. The intention of the parties, collected from all parts of the deed, is to govern the construction. *Browning* v. *Wright*, 2 Bos. & Pul. 13 , *Bender* v. *Fromberger*, 4 Dallas, 436 ; *Gale* v. *Reed*, 8 East, 80 ; *Clanrickard* v. *Sidney*, Hobart, 273 ; *Cole* v. *Hawes*, 2 Johns. Cas. 203 ; *Knickerbacker* v. *Killmore*, 9 Johns. R. 106 ; *Liford's case*, 11 Coke, 46 ; *Gainsford* v. *Griffith*, 1 Wms.'s Saund. 60, note. As the plaintiff knew of the existence of these incumbrances, he is, at most, entitled to nominal damages only. *Leland* v. *Stone*, 10 Mass. R 459.

*Oct. 25th.*

MORTON J. delivered the opinion of the Court. The defendant's deed to the plaintiff contains the usual covenants of warranty. The one alleged to be broken is in these words, " *that the premises are free of all incumbrances.*" The easements which Perkins and Sampson hold, to pass over the land conveyed, and to take water from a spring situated in it, is clearly a breach of this covenant. *Kellogg* v. *Ingersoll*, 2 Mass. R. 97 ; *Prescott* v. *Trueman*, 4 Mass. R. 627. The reference to the deed from Bent to the defendant was for the purpose of description, to identify the land conveyed and to distinguish it from other adjoining land of the defendant, and not to limit or qualify the title or the estate granted.

It is true, that the intention of the parties to all contracts must govern the construction of them ; and that their intention must be collected from the whole instrument and not from detached sentences and parts of it. But it is equally true that the intention must be ascertained from the instrument itself, and cannot be proved *aliunde*. In this mode of construction, general stipulations or covenants may be limited and restrained by special ones, and by the general scope an

object of the contract. *Gale* v. *Reed*, 8 East, 80 ; *Bender* v. *Fromberger*, 4 Dallas, 436 ; *Cole* v. *Hawes*, 2 Johns. Cas. 203 ; *Knickerbacker* v. *Killmore*, 9 Johns. R. 106.

Now with these rules of construction in mind, we think no one, by reading the deed of the defendant with the one referred to, and without any other information, would ever suppose that any exception was intended to be made in the general words used. He might learn that theretofore an incumbrance had existed, but he could not know that it had not been removed ; much less could he understand that when the defendant covenanted against *all incumbrances*, he meant *all* except *two* or *three* rights of way and other servitudes.

If we could receive the parol evidence which was offered, it would be made probable, that the plaintiff not only knew of the existence of these incumbrances, but expected them to remain, and bought the land subject to them. But if any principle of law be well settled, it is, that deeds, especially conveyances of real estate, cannot be varied, controlled, or contradicted, by parol evidence. Uncertain would be the titles of real estate, and useless the registration of deeds, if their contents and effects were to be determined by the testimony of witnesses. They would mislead, rather than guide us in a safe course.

The plaintiff having established his right to recover, it only remains to inquire what shall be the measure of damages. The general rule in cases of this kind, is plain and undisputed. If the covenantee has fairly extinguished the incumbrances, he ought to recover the expenses necessarily incurred in doing it. If they remain and consist of mortgages, attachments, and such liens on the estate conveyed as do not interfere with the enjoyment of it by the covenantee, he can recover only nominal damages. But if they are of a permanent nature, like the perpetual servitudes in this case, such as the covenantee cannot remove, he should recover a just compensation for the real injury resulting from their continuance. *Prescott* v *Trueman*, 4 Mass. R. 630.

But the defendant contends, that the present case should be excepted from the general rule, because the plaintiff knew of the incumbrances when he received his deed, and agreed

Harlow
v.
Thomas.

to take the estate subject to them, and not to have the cove nants apply to them. It is not necessary to inquire whether the evidence offered would support the defendants' statement ; because if it would, in our opinion, it would not be competent evidence. It would violate the rule just laid down against the admission of parol evidence, to contradict deeds ; and some part of it would be immaterial, because the plaintiff might know of the existence of the incumbrance, and yet expect to have it removed, and take a covenant against it. The case of *Townsend* v. *Weld*, 8 Mass. R. 146, is precisely parallel and of unquestionable authority. The case of *Leland* v. *Stone*, 10 Mass. R. 459, relied upon by the defendant's counsel, does not conflict with it. That was for a breach of the covenant of *seisin*, in which the measure of damages is the consideration paid. And inasmuch as no consideration was paid for that part of the estate of which the grantor was disseised and which did not pass by his deed, it was clearly competent to show that fact in mitigation of damages. If two tracts of land are conveyed in one deed, but a separate price is agreed upon for each, then on a breach of the covenant of seisin as to one tract, the rule of damages will be the sum which was paid for that tract. We are therefore of opinion, that no circumstances have been shown which will take this case out of the general rule for estimating damages for breaches of the covenant against incumbrances.

*Defendant defaulted.*