May Term, 1848.

ALLEN
v.
LEE.

---

ALLEN, Administrator *de bonis non* of the estate of WOODS deceased, *v.* LEE.

A general covenant of warranty does not extend to such incumbrances as were known to the purchaser at the time of making the contract, and which he agreed to discharge, in addition to the consideration stated in the deed.

Parol evidence may be given, not to contradict the terms of a written warranty, but to show that the property was taken by the purchaser subject to incumbrances which he knew to exist at the time of purchase, though they were not mentioned in the deed.

Monday, May 29.

ERROR to the *Decatur* Circuit Court.

SMITH, J.—This was an action of debt brought by *David Allen*, administrator *de bonis non* of the estate of *James Woods*, deceased, upon a promissory note for the payment of 310 dollars on or before the 1st day of *October*, 1843, by *Lee* to *Woods*, and executed in the life time of the latter.

There are three pleas. The first alleges that the note was given for part of the purchase money of a certain tract of land, and at the time it was given, *Woods* executed to *Lee* a deed of conveyance of said land with cove-

nants of general warranty; that, at the time of the execution of the deed, the land was incumbered by a lease, granted by one *John Gray*, and dated the 20th of *September*, 1828, to *John* and *Ann Prichard* for their lives; that *Woods* obtained his title from *William* and *Sarah Ford*, who held said land by virtue of a deed executed by *Henry H. Talbot*, a commissioner appointed by the *Decatur* county Probate Court to convey the same to the said *William Ford*, pursuant to a contract made by the said *John Gray* in his life time; that the said *John Prichard* is still alive and having an older and paramount title, by virtue of said lease, has evicted and kept the said *Lee* out of the possession of the premises; and that the use and occupation of said premises since the making of said deed were worth five hundred and ten dollars. The second plea sets out the consideration of the note, the deed from *Woods* to *Lee*, the older lease outstanding, and alleges that, to clear off the incumbrance and get possession, *Lee* was compelled to pay *Prichard* five hundred and ten dollars. The third plea is similar to the other in the averments relative to the consideration of the note, the deed to *Lee* and the outstanding lease, but it states that to clear off the incumbrance, *Lee* was compelled to enter into a written agreement with *Prichard* to support him and *Ann Prichard* during their lives, and has been obliged to expend for such support five hundred and ten dollars. There is a replication denying the facts alleged in these pleas, and the cause was submitted to the Court for trial upon the issues thus taken. The Court found for the defendant. Motions for a new trial and in arrest of judgment were overruled and judgment was rendered accordingly.

A bill of exceptions presents all the evidence. The defendant proved that the note was given in consideration of a tract of land, as alleged in the pleas. He then exhibited a deed from *James Woods* and wife to himself for said tract of land, dated the 8th of July, 1841, which contains a general covenant of warranty, but it is from *Woods to himself* not to *Lee*. The defendant also introduced an instrument

in writing, dated the 20th of *September*, 1828, which pur-ports to be a lease of a part of the premises described in the deed, to *John Prichard* and *Ann*, his wife, during their lives. It was also proved that *Prichard*, who was the father-in-law of *Lee*, was living on the land when the latter purchased it of *Woods*, and that, shortly after the purchase, *Lee* made an agreement with *Prichard* by which he bound himself to support *Prichard* and his wife during their lives, and *Prichard* surrendered to *Lee* his interest in the land. There was also some testimony relative to the value of *Prichard's* lease.

The plaintiff then proved that at the time *Lee* purchased the land he knew that the lease to *Prichard* was outstanding, and contracted for *Woods'* interest subject to that lease; that the deed was drawn up in the presence of *Woods* and *Lee* and according to directions given by the latter; that, after it was written, *Woods* said *Lee* was to take the land incumbered with *Prichard's* title, and he thought it should be so mentioned in the deed. *Lee* replied, he knew that such was the contract, but it was unnecessary to mention it in the deed, for that he (*Lee*) was about to undertake to keep Mr. *Prichard* and his wife and wished to have the whole title in the land to himself. The stipulation mentioned by *Woods* was therefore omitted. The defendant objected to so much of this testimony as went to contradict the warranty in the deed, by showing an agreement to take the land subject to *Prichard's* lease. This objection was sustained by the Court and that part of the testimony rejected.

It obviously appears that the Court rendered judgment for the defendant on the ground that parol evidence to show that *Lee* purchased the land subject to the lease of *Prichard*, was in contradiction to the terms of the warranty in the deed, and therefore inadmissible. We think this view of the case was erroneous. Aside from the fact that the deed, as set out in the record, really contains no warranty to *Lee*, we are of opinion that, if the covenant had been properly worded, the evidence rejected should have been admitted, not to contradict the deed, or to give

May Term, 1848.

ALLEN v. LEE.

a construction to the contract contrary to the written terms of it, but as a part of the *res gesta* to prove the state of facts existing at the time of the conveyance, and that the incumbrance in question was not within the purview of the contract. The case of *Leland* v. *Stone*, 10 Mass. R., 459, is strongly in point. That was an action of covenant, upon a deed made by the defendant, by which certain parcels of land were conveyed to the plaintiff. The plaintiff alleged that, as to one acre described in the deed, the grantor was not seized, nor had he a right to sell, in contravention of the covenants in the deed to that effect. It was proved upon the trial that the plaintiff paid nothing for that acre and that it was included in the deed by mistake. There was also evidence that the defendant had sold and conveyed the acre in question to another person many years before, that the grantee had long been in possession, that his deed had been recorded, and of other circumstances from which the jury might have inferred that the plaintiff was informed of these facts. This evidence being objected to, it was held to have been rightly admitted and that it was proper for the consideration of the jury in assessing the damages. In *Schuyler* v. *Ross*, 2 Cain. c. 202, there was a written warranty upon the sale of a negro, that he was in good health and in all respects sound, and at the trial parol evidence was admitted to establish the fact that at the time of the sale, the defect in question was known to the purchaser. It has been repeatedly held that in sales of personal property where there is a warranty of soundness, such warranty does not extend to defects which are known to, or obviously perceptible to the purchaser at the time of the sale. *President &c. of Connersville* v. *Wadleigh*, 7 Blackf. 102. Without deciding that this principle governs to the same extent in all respects in sales of real estate, there can be no difference so far as it relates merely to the rule of evidence. A general covenant of warranty does not, at least conclusively, extend to such incumbrances as were known to the purchaser at the time of the contract and which he agreed to pay or discharge himself in addition to

or as part of the consideration moving from him to the vendor, and when the question is, as in this case, what was the true consideration paid for the land? we think such facts may be given in evidence without in any manner contradicting the terms of the written warrants.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Morrison* and *S. Major*, for the plaintiff.

*C. H. Test*, for the defendant.