### Norman Spurr *vs.* James Andrew.

An existing right in a third person to cut and remove standing trees within a certain time is an incumbrance upon land; and in an action to recover damages for a breach of a covenant against incumbrances, by reason of the existence of such a right, oral evidence is inadmissible to prove that the parties both intended to except this right from the operation of the covenant, and that it was mutually understood between them that the trees were not to pass with the land.

Contract upon the covenant against incumbrances in a deed of land. The breach alleged was, that Salmon K. Norton, the former owner of the land, who conveyed the same to the defendant, reserved in his deed, which was dated April 26, 1859, all the wood standing and growing on a portion of the premises, with liberty to remove the same within six years. The defendant's answer admitted the execution of the deed with the covenant against incumbrances, and the existence of the right in Norton to remove the standing and growing wood, as alleged; and further set forth that at the time of making the deed to the plaintiff it was well known by both parties that Norton had

such right; that it was not intended that the same should pass by the defendant's deed to the plaintiff; that the scrivener was instructed to except it from the operation of the covenant, but the same was omitted by accident; that the trees were recognized by both parties as personal property belonging to Norton; and that they were not included in the contract of sale between the parties, and nothing was paid for them. The plaintiff demurred to this answer, and the demurrer was sustained in the superior court, and judgment rendered for the plaintiff. The defendant appealed to this court.

*J. D. Colt,* (*T. P. Pingree, Jr.* with him,) for the defendant. The trees were personal property. *Claflin* v. *Carpenter,* 4 Met. 580, and cases cited. *Nettleton* v. *Sikes,* 8 Met. 34. *Nelson* v. *Nelson,* 6 Gray, 385. *Douglas* v. *Shumway,* 13 Gray, 498. Browne on St. of Frauds, 239, 259. At least, the answer shows a good defence for all except nominal damages. The plaintiff would undertake to prove the value of the wood as the measure of damages. May not the defendant show that by the express agreement of the parties the wood was treated by them as of no value? The action is really founded on the covenant of seisin; and the breach is, that a part of the premises did not belong to the grantor. If the trees are a part of the realty, then a part of the realty was reserved by Norton, and the defendant was never seised of it. The measure of damages for a breach of covenant of seisin is the consideration paid, if the whole title fails, or a proportionate part, if the title to a part of the premises fails. The price paid for different parts may be shown orally. *Miller* v. *Goodwin,* 8 Gray, 542. *Clapp* v. *Tirrell,* 20 Pick. 250. *Noble* v. *Bosworth,* 19 Pick. 314. *Harlow* v. *Thomas* 15 Pick. 69, 70. *Leland* v. *Stone,* 10 Mass. 459.

*I. Sumner,* for the plaintiff.

DEWEY, J. The covenant under which damages are to be recovered in the present case is, that the premises were free from all incumbrances. This covenant would be broken if a third person had at the time of the conveyance a right to or interest in the land granted, which diminished the value of the absolute interest in the same, while it was consistent with the passing

of the fee by the deed. *Prescott* v. *Trueman*, 4 Mass. 627. It appears that at the time of making the conveyance of the land in question there was a right in one Salmon K. Norton to cut and remove the wood from a portion of it within a certain time This outstanding interest was not of such character as to defeat the conveyance to the plaintiff, upon the ground that it was made by a party disseised. The plaintiff by force of his deed took a seisin of the whole premises, but subject to the outstanding incumbrance in Norton, and with the right to recur to his warrantor for his damages in consequence thereof.

The defendant now seeks to introduce oral evidence to prove that the plaintiff knew of this incumbrance, and that it was agreed by the parties that the wood so reserved and held by Norton should not be included in the sale and conveyance, and that both the plaintiff and defendant instructed the scrivener who prepared the deed so to draw the same.

This evidence was wholly incompetent. Its admission would be in violation of the well settled principle that conveyances of real estate cannot be varied or controlled by oral evidence. It was rejected, in a case presenting all the reasons for its admission which exist in the present case, in *Harlow* v. *Thomas*, 15 Pick. 66, where the subject was fully considered and the authorities reviewed. In the later case of *Noble* v. *Bosworth*, 19 Pick. 314, oral evidence to control the deed upon the ground of a mutual understanding that certain fixtures were not to pass by the conveyance, was held inadmissible.

The case of *Leland* v. *Stone*, 10 Mass. 459, is relied upon by the defendant's counsel as an authority for the admission of this evidence, at least in reduction of damages. That case was considered by the court in the case of *Harlow* v. *Thomas, ubi supra,* but was not supposed to conflict with it. It was a case of a breach of covenant of seisin where nothing passed by the deed. and the covenant of seisin was the only covenant that had effect. There the damages being the consideration money, the court allowed oral evidence to show that nothing was paid for a certain parcel of land as to which the grantor was disseised, the same being part of the whole premises described.

So far as that case may be supposed to infringe upon the rule excluding oral evidence, when offered to control or contradict the deed itself as the proper evidence of the contract between the parties, it is not to be extended. Under the equity powers conferred upon this court, full opportunity is afforded for parties aggrieved by the fact that their contracts, as drawn and executed, were the result of accident or mistake, and not such as to give effect to the real contract intended to be made, to apply to this court to have the same reformed and corrected. In that way, proper relief may be granted.

As this case is now presented, the facts proposed to be shown, and which are set forth in the answer, cannot avail the defendant. *Demurrer to the answer sustained*