Shearer, J.
The demurrer should have been sustained, and the evidence tending to prove the allegations of the amended answer in respect to a contemporaneous oral agreement, at variance with the terms of the deed, should have been excluded.
In support of the rulings of the court below, a large number of authorities are cited, some of which we shall notice.
Thompson v. Thompson, 4 Ohio St. 333, is relied on as a controlling authority. We do not think it applies. There the conveyance was a general warranty, except as follows: “Which said property was subject to the lien of a mortgage to secure the payment of the sum of $700, executed by W. Hamilton and wife, to the Ohio Life Insurance and Trust Company, and is hereby conveyed to said Thompson, subject to the lien and incumbrance of said mortgage.”
, The agreed statement of facts shows that an abatement in the price, to the amount of the mortgage debt, was made, and *179 the differences constituted the consideration expressed in the deed. Thurman, G. J., in deciding the case, says: “ It seems _ to be a well settled principle, that the purchaser of an incumbered estate, if he agrees to take it subject to the incumbrance, and an abatement is made in the price on that account, is bound to indemnify Jtiis grantor against the incumbrance, ' whether he expressly promises to do so or not — a promise to that effect being implied from the transaction.”
The question arose upon exceptions by the heirs of Thompson to the allowance to his administratrix of a credit for the amount of the Hamilton mortgage, which she had paid. There were no pleadings — no issue joined. The real controversy was as to whether the mortgage should be paid out of the testator’s personal estate, or by the devisee of the mortgaged premises; and it was held that it was a debt of the estate. No question arising upon the covenants was involved. Indeed, as we have seen, there was no covenant against the Hamilton mortgage.
If the conveyances in this case contained stipulations like that in Thompson’s deed, there could be no doubt that Hott would hold his title cum onere, and have no right of action against the McDonoughs. The, conveyances would then speak for themselves; and there would be no need for extrinsic evidence, the admissibility of which is the principal question at bar.
To the same general effect as the Thompson case are the following authorities, also cited by counsel: Townsend v. Ward, 27 Conn., 610; 1 Madd. Ch. 592; Tweddell v. Tweddell, 2 Bro. Ch. 151 and others.
Many of the authorities cited would be applicable were this action between McDonough’s mortgagees and Hott.
They are to the effect that the. mortgagees might have brought their action against Hott to. recover the amount of their claims — that is to say, held him personally liable upon his promise to the McDonoughs to pay the mortgage debt.
Other authorities are quoted to the effect that Hott by retaining a portion of the consideration price became a trustee for the mortgagee; others to show that the relation of principal and surety subsisted between the parties; and still others *180 to show that this case is not within the statute of frauds; none of which questions, in our view of the case, have any thing to do with the controversy.
Upon the question of the admissibility of evidence of the contemporaneous oral agreement of the defendants in error to. pay the mortgage incumbrances out of the portion of the consideration retained, counsel among other cases, cite : Jones on Mortgages, §§ 750,1715; Lamb v. Tucker, 42 Iowa, 118; Putney v. Farnham, 27 Wis., 187: Merryman v. Moore, 90 Pa. St. 78; Wilson v. Ford, 28 N. J. Eq., 150; Bolles v. Beach, 22 N. J. Law, 680; Bowen v. Kurtz, 37 Iowa, 239; Wood’s adm’r v. Lee, 1 Ind., 58; Carver v. Loutham, 38 Id. 530; Leland v. Stone, 10 Mass. 458; Sidders v. Riley, 22 Ill. 110.
In Lamb v. Tucker, it was decided that the purchaser of mortgaged premises, who assumes the payment of the mortgage, is liable to the creditor as upon a direct promise.
Putney v. Farnham, decides that where a debtor orally promised to pay part of his debt by paying his creditor’s debt to a third person, the latter being notified and having assented thereto, such • promise is not within the statute of frauds.
In Bowen v. Kurtz, the question was whether the admission of parol evidence of a promise of the grantee to pay the grantor’s debt as part of the consideration of the conveyance was in conflict with the statute of frauds, and it was held that it was not; that it tended to prove a novation, and not a promise to pay the debt of another.
• Thus it seems clear that the above cases shed no light upon the question before us. There the question was whether the promise was within the statute of frauds. Here it is as to the competency of parol evidence to vary the terms of a covenant.
In Merryman v. Moore, A. conveyed land to B. “ under and subject ” to the payment of a mortgage to C. The deed to A. contained no “under and subject” clause. In a suit by C. against B. to recover the amount of the mortgage, C. offered to prove that when B. took the conveyance from A. he expressly agreed that he would assume the payment of the mortgage, and that the mortgage formed part of the consideration. Held: that such evidence should have been admitted. This is in ac *181 cord with the doctrine of Thompson v. Thompson, supra; but if the action had been between the parties to the conveyance, the evidence, in so far as it tended to prove a contract different from that contained in the deed, could not have been admitted. It is well settled that a mortgagee may recover his debt of the mortgagor’s grantee, where the latter has taken his title subject to the incumbrance, or has assumed the debt. Schermerhorn v. Vanderheyden, 1 Johns. 139; Gold v. Phillips, 10 Johns. 412; arid see, also, 20 N. Y. 268; 24 N. Y. 178; 38 N. Y. 346; 17 Mass. 400; 103 Mass. 556. So also in Wilson v. Ford, supra, it was held that a parol agreement by the grantee, at the time of taking a deed, that he would assume a mortgage upon the property, as part of the consideration, will be enforced in equity ; that a covenant in a deed that the premises are free from incumbrances, or any other covenant, will not estop the assignee of such mortgage from recovering on such undertaking.
In Bolles v. Beach the court say, “ where, upon a sale of land by deed, which acknowledged the receipt of the purchase money, and which also contained full covenants of title and against incumbrances, the deed was given upon an agreement by the grantee that he would discharge a mortgage upon the premises, and indemnify the grantor therefrom, the grantee retaining so much of the consideration money for that purpose ; and the grantor having been compelled to pay the debt, that in an action against the grantee upon his undertaking, the plaintiff was not estopped by his deed from proving the incumbrance and the agreement to discharge it.” The agreement was considered to be collateral to the deed.
This case seems to us in conflict with the general current of decisions both in America and England, so far as we have been able to examine them; and it is noteworthy that it is by a divided court- — -four of the ten judges voting for reversal.
The case of Reid v. Sycks, 27 Ohio St. 285, is plainly distinguishable from this, in that, in that case, the deed was made in execution of covenants contained in a written contract to convey, in which contract the grantee covenanted, as part of the consideration, to pay off an existing incumbrance. The reason for the holding in that case, viz.: that an answer pleading such agreement, and that the eviction com*plained of re- *182 suited from the non-performance of said covenant, was a good bar to the action, is found in the opinion of the court. Johnson, J. says: “ The obligation to pay the purchase money was not merged by the deed, which was in performance on the vendor’s part. This deed is to be considered part of tte transaction, in connection with it, and not to the exclusion of the title bond. Both papers are parts of one transaction, and the rights of the parties must be determined by the terms of the whole contract.”
Jn the case under review there was no written agreement apart from the deed.
At first blush the cases cited from Indiana and Illinois would seem to support the contention of' defendant in error. But an examination of them does not convince us that they should be followed.
Wood’s adm’r v. Lee, 1 Ind. 58, was an action upon a promissory note. The defense was that the note was given for land conveyed to the maker by the payee with convenants against incumbrances by lease, which the maker was compelled to remove, at a cost of $610; which was more than the amount of the note. The reply denied these facts. The court held: 1. That the deed contained no warranty. 2, That if it did, it was still competent to prove by parol that the incumbrance was known to both parties, and that the purchaser took title subject thereto. This was subsequently approved in Medler v. Hiatt, 8 Ind. 171.
In Carver v. Loutham, 38 Ind, 530, it was held that a vendor, sued upon his covenants of warranty against incumbrances for the amount of a tax lien, might prove by parol that the vendee in part consideration of the purchase had agreed to pay the taxes. The court admitted that its conclusion was doubtful on principle and the authorities in other states, but citing Wood’s adm’r v. Lee, supra, and several other cases following it, held that it had become a rule of property in that state.
Sidders v. Riley, 22 Ill. 110, is not well reported. It seems te be on a note given for the purchase of lands. The defense was that the payee was not seized of a portion of the land embraced in the deed. Held: That the vendor rhight prove *183 , by parol that the purchaser was notified that the vendor did not own that portion, and that the consideration expressed, for which the note was given, was the consideration agreed upon for the lands, which the vendor in fact owned and conveyed.
Leland v. Stone, 10 Mass., 459, was a suit upon a covenant of seizin and right to convey. Defense that one acre, included in the deed, but not owned by the grantor, was not purchased nor intended to be conveyed as both parties knew. Held, proper to instruct the jury that, if they found such mistake, damages should be nominal only. • *
In the Illinois case the court cited Wood’s adm’r v. Lee, supra, which does not seem to meet with the approval of the court deciding it in later cases. See 38 Ind. supra. The Massachusetts case is not in accord with the current of authority elsewhere. See Long v. Moler, 5 Ohio St. 271.
We may concede that in an action by a grantor against his grantee for indemnity against an incumbrance assumed by the latter; or, in an action by the mortgagee against the grantee of the mortgagor to recover the mortgage debt, the evidence objected to in this case might be competent. Still it does not follow that it would be admissible in the case at bar. This was an action upon the covenants of the deeds. The defense in effect is that there was no breach, because to the extent of the incumbrance, the plaintiff retained the purchase money and agreed to satisfy the mortgages therewith. In other words, that although the covenants are general, they in fact are subject to an exception as to these mortgages; that while they in terms warrant the title against all incumbrances, they in fact are subject to a parol exception as to the liens in question. To uphold this defense would be to disregard the rule which forbids the contradiction or limitation, by parol, of written contracts. It does not come within the exception in respect to proof of the consideration, as is claimed. The rule which allows the consideration of a deed to be inquired into, is subject to the limitation that such inquiry must not involve a contradiction or variation of the instrument.
In Raymond v. Raymond, 10 Cush., 134, it was held that a covenant of warranty against “allthe world claiming under the grantor ” could not be enlarged by parol into a warranty *184 “ against all the world in general.” See also Wharton’s Ev. § 1051; 4 Gray, 818.
The language of Morton, J., in Harlow v. Thomas, 15 Pick. 66, 68, seems peculiarly pertinent here. The deed described the land conveyed as “ all that part of my land which I purchased from J. B. by deed, dated October 24, 1826, and recorded, etc., defining it by metes and bounds and covenanting against incumbrances. The deed from J. B. reserved a certain right-of-way. In an action on this covenant, held, that the existence of the easement was a breach of the covenant ; that the reference to the deed from J. B. was for the purpose of identification, and not for the limitation or qualifications of the estate granted ; and that parol evidence was inadmissible to control the meaning of the covenant.” The learned judge says: “ It is true that the intention of the parties to all contracts must govern the construction of them; and that their intention must be collected from the whole instrument and not from detached sentences and parts of it. But it is equally true that the intention must be ascertained from the instrument itself, and cannot he proved aliunde. In this mode of construction, general stipulations or, covenants may be limited and restrained by special ones, and by the general scope and object of the contract. * * * Now with these rules of construction in mind, we think no one, by reading, the deed of the defendant with the one referred to, would ever suppose that any exception was intended to be made in the general words used. ' He might learn that theretofore an incumbrance had existed, but he could not know that it had not been removed ; much less could he understand that when the defendant covenanted against all incumbrances, he meant all except two or three rights-of-way and other servitudes.” See 8 Mass. 146.
A case cited by counsel from Simonovick v. Wood, 13 N. E. Rep., 392, decided by the supreme judicial court of Massachusetts, is very like the case under review, and fully sustains the doctrine claimed by plaintiff in error ; and we think it is supported by the decided weight of authority.
Howard v. Thomas, 12 Ohio St. 201, is to the same effect.
The difficulty in this case arises from a misconception of the *185 effect of the evidence objected to. It seems to have been regarded by defendant as affecting only the consideration of the conveyance, and to disprove a breach of the covenants; whereas it is clear, that it went further in its effect, and, as we have already said, operated to abridge and limit the express terms of the deed.
John F. Loche, for plaintiff in error.
G. W. Wilson, S. W. Durflinger, and J. D. Sullivan, contra.
If the evidence is true, then the deed does not embrace the entire contract of the parties, and the only remedy is by proceedings to correct the mistake. The answer is defective in that it contains no allegation of mistake and no prayer for relief on that account. If it did, it would present a case for the court, and not a for jury to determine; and in this connection the propriety of the rule we apply in this case becomes apparent. To warrant the reformation of a written instrument, on the ground of mistake, clear and convincing proof is required. Mere preponderance is not sufficient; and a reviewing court would reverse where it appeared that a reformation had been granted upon the theory that a preponderance was all that was necessary.- 27 Ohio St. 84; 45 Ohio St. 1. Bearing in mind what we have said as to the effect apart from the purpose of this evidence, it follows that a jury was substituted for the chancellor to relieve the defendant of a mistake in his deed, under instructions by the trial judge that a preponderance of the evidence was a sufficient warrant for a verdict in his favor. This was unfair and an injustice io the plaintiff The substance of the charge of the court, was that if the jury found the allegations of the amended answer to be true, the defendant was entitled to their verdict.
We are unanimously of the opinion that the court below erred in overruling the plaintiff’s demurrer; in the admission of the evidence objected to by plaintiff, and in the charge excepted to; and for these reasons the judgment will be reversed, with costs, and the cause remanded to the common pleas, with instructions to sustain said demurrer, and for further proceedings.