Nov. Term,
**1856.**

MEDLER
v.
HIATT.

---

## MEDLER *v.* HIATT.

Incumbrances on real estate conveyed by a deed containing a covenant against incumbrances, are not presumed to be excluded from the operation of the covenant because their existence was known to the vendee at the time of the execution of the deed.

To produce such exclusion, there must be in addition to such notice, something in the transaction of sale showing that the parties did not intend that the incumbrance should be within the covenant.

Thus, where at the time of the conveyance it is verbally agreed, or plainly understood, by the parties, that the vendee is to receive his deed subject to the incumbrance, as part consideration for the land, its existence would not be a sufficient ground on which to resist the payment of a note given for the purchase-money.

APPEAL from the *Randolph* Circuit Court.

*Friday,*
*November 28.*

DAVISON, J.—*Hiatt* sued *Medler* upon two promissory notes, each for the payment of 100 dollars.

The defendant's answer to the complaint avers that the notes sued on were given by the defendant for the purchase-money of certain lands which are described, and which, by deed in fee, were conveyed to him by the plaintiff. That in and by said deed, it was covenanted, 1. That the lands are unincumbered excepting the dower right of one *Catharine Hiatt;* 2. That the grantor is lawfully seized, &c.; 3. That he will warrant and defend against all claims whatsoever, excepting said dower right. It is alleged that a stream of water called *Cabin* creek

runs through the lands, and that at the time of the conveyance there was across *Cabin* creek, a short distance below said lands, a dam which backed the stream upon them, so as to overflow a large quantity thereof, viz., ten acres, which lands so overflowed are thereby damaged 200 dollars. And further, that the right so to back the water had been obtained from one *Jether Hiatt*, a former owner, of the lands, and was, at the time of said conveyance, an easement and an incumbrance existing thereon, and that it still does exist thereon, to the defendant's damage, &c., wherefore the consideration of the notes has failed, &c.

The plaintiff replied, *inter alia*, as follows: "That the defendant, when he purchased the lands, well knew of the existence of said dam, and also, at the time and before he purchased, he knew of such pretended right to flow back the water." To this the defendant demurred, but his demurrer was overruled.

There being issues of fact, the cause was submitted to a jury, who found for the plaintiff 210 dollars, the full amount of the notes and interest.

New trial refused, and judgment.

It is conceded that the action of the Court, in overruling the demurrer, raises the main question in the cause. And in support of that ruling it is insisted that, as the appellant received a deed for the lands, with full notice of the dam and the right to continue it, the law presumes that he took the conveyance subject to the incumbrance.

The rule of decision on this subject, as evinced by various authorities, is, to some extent, unsettled. None of the authorities, however, sustain the position that mere notice to the vendee, at the time he receives his deed, of an existing incumbrance, excludes it from the operation of an express covenant against incumbrances. To produce such exclusion, there must, in addition to notice, be something in the transaction of sale which conduces to show that the parties did not intend that the incumbrance should be within the covenant. Where, at the

time of the conveyance, it is verbally agreed or plainly understood by the parties, that the vendee is to receive his deed subject to the incumbrance, as part consideration for the land, the existence of it would be no sufficient ground on which to resist the payment of a note given for the purchase-money.

The plaintiff cites *Allen* v. *Lee*, 1 Ind. R. 58. There, *Allen*, as the administrator of *James Woods*, deceased, sued *Lee* on a promissory note given for real estate. The defendant set up as a defense an outstanding lifelease granted by *John Gray*, a former owner of the land, to one *Prichard*, which was alleged to be an incumbrance on the land. It was proved that at the time *Lee* purchased the land, he knew that the lease was outstanding, and contracted for *Woods's* interest subject to that lease; that the deed was drawn up in the presence of *Woods* and *Lee*, according to directions given by the latter; that after it was written, *Woods* stated that *Lee* was to take the land incumbered with *Prichard's* title, and he thought it should be so mentioned in the deed, and *Lee* replied, he knew that such was the contract, but it was unnecessary to mention it in the deed, for that he, *Lee*, was about to undertake to keep *Prichard*, and wished to have the whole title to the land in himself. The stipulation mentioned by *Woods* was therefore omitted. Upon this evidence the Court held that *Lee* received the deed subject to the incumbrance.

We adhere to this decision, because the evidence simply proves an agreement that enters into and constitutes a part consideration for the land, and does not, therefore, in any manner contradict the terms of the written warranty. But how stands the case upon the record? The plaintiff's reply contains nothing from which a contract relative to the easement can be inferred. It is true, the defendant knew of the incumbrance; but mere notice of it does not indicate even an intent to relinquish any remedy he might have under the covenants in his deed.

In sales of personal property, no doubt, a warranty of

soundness does not extend to defects which are known, or obviously perceptible to the purchaser at the time of sale; but in this respect, the distinction between such warranty and that which relates to real estate, is, in our opinion, too well settled to require exposition.

A late case in the Supreme Court of *Ohio*, decides that incumbrances on real estate conveyed by a deed which contains a covenant against incumbrances, are not presumed to be excluded from the operation of such covenant because they were known to the parties to the deed at the time of its execution. *Long* v. *Moler*, May term, 1856.

We are inclined to hold the decision of the Circuit Court overruling the demurrer, erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Smith*, for the appellant.

*W. A. Peelle* and *T. N. Browne*, for the appellees.