## SNYDER *v.* LANE.

In the assignment of causes of demurrer, the precise language of the statute need not be used.

Suit upon the covenants in a deed. Breach, that the lands conveyed were encumbered by a mortgage, which the plaintiff had paid off. Answer, 1. That the plaintiff, when he purchased the lands, had notice. of the mortgage. 2. That the mortgage was not due. Demurrer, assigning for cause—1. That the knowledge of the incumbrance was immaterial, as the defendant had expressly covenanted against it. 2. That the mortgage being an incumbrance, the plaintiff had a right to remove it, and sue upon the covenant.

*Held*, 1. That the causes of demurrer were well assigned.

2. That the notice of the incumbrance did not exclude it from the operation of the covenant.

3. That the vendee had a right to remove the mortgage (even before it was due) and sue upon the covenant.

Saturday,
June 19.

APPEAL from the *Wayne* Court of Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, sued *Snyder* upon the covenants in a deed of conveyance. In the complaint, it is alleged that *Snyder*, by deed in fee, conveyed certain lands in *Wayne* county, to the plaintiff; and that in and by said deed it was covenanted, 1. That the lands were unencumbered. 2. That the grantor is lawfully seized, &c. 3. That he will warrant and defend against all claims, &c.

The breach assigned is, that the lands, at the time of the conveyance, were lawfully encumbered by a mortgage executed by one *James A. Culbertson*, a former owner, to the state, for the use of the surplus revenue fund, to secure the payment of 291 dollars with interest, &c. And it is averred that the plaintiff, on the first of *June*, 1857, the above

sum being due and payable, fully paid the same to the auditor of said county, and procurred the incumbrance to be removed and satisfied; wherefore he demands judgment, &c. The defendant answered, 1. That the plaintiff, when he purchased the lands, had full knowledge of the existence of the mortgage. 2. That by the laws of *Indiana* extending the time for the payment of mortgages to the surplus revenue fund, the mortgage in question is not yet due, and payment thereof could not be required, &c.

Demurrers to the answer. The causes of demurrer are thus stated: Plaintiff demurs to the first paragragh because "the knowledge of the incumbrance is immaterial, as the defendant has expressly covenanted against it." And as to the second paragraph plaintiff says that "the mortgage was an incumbrance, and he had a right to remove it, and sue on his covenant." The demurrers were sustained, and final judgment given for the plaintiff.

The appellee contends that the demurrers should have been set aside, because they do not specify either of the six causes prescribed by the statute. See 2 R. S. p. 38, § 50. We have decided that in the assignment of such causes, the language of the statute need not be pursued. It will be sufficient if they designate, certainly, the alleged defects to which they refer. *Lagow* v. *Neilson*, at this term (1). In the case at bar, the assignments point out the objections relied on with a sufficient degree of certainty. Hence, the questions raised by the demurrers are properly before us for consideration.

The next inquiry relates to the first defense. Does mere notice to the vendee, at the time he receives his deed, of an existing incumbrance, exclude it from the operation of an express covenant against incumbrances? This question is settled in *Medler* v. *Hiatt*, 8 Ind. R. 171. There it was held that such incumbrances are not presumed to be so excluded, though their existence was known to the vendee when the deed was executed. This authority is directly in point. It follows that the first paragraph of the answer constitutes no bar to the action.

The second defense is also defective. The mortgage,

May Term, 1858.

SNYDER
v.
LANE.

by its terms, was due and payable, and being a valid incumbrance, the vendee had a perfect right to pay the money and sue on his covenant. We have been referred to no statute, nor do we know of any, applicable to the mortgage in question, enlarging the time of its payment; but suppose the existence of such statute, it would not, it seems to us, bind the vendee to suffer an incumbrance calculated to impair the validity of his title, to rest on the land.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. S. Newman* and *J. P. Siddall*, for the appellant.

*J. Perry*, for the appellee.

(1) *Ante*, 183.