## DUNKLEBARGER v. WHITEHALL ET AL.

COVENANT.— *Conveyance of Encumbered Land.— Grantee may pay off Encumbrance.— Action to satisfy Purchase-Money Notes.— Voluntary Payment.— Execution.— Satisfaction of, by Levy.*—The grantee, by warranty deed, of lands encumbered by the lien of a judgment, may pay off the judgment and hold the amount thereof as an offset *pro tanto*, against an unpaid balance of the purchase-money, notwithstanding the fact that, at the time of such payment, an execution issued on such judgment has been levied on other lands subject to such lien. And, if such debt for purchase-money be evidenced by promissory notes, he may maintain an action to have them satisfied.

SAME.— *Contract to Satisfy Lien out of Purchase-Money.— Subsequent Action to Review Judgment.*—In such an action for satisfaction, it appeared by the pleadings that there was a written agreement, executed at the time of such conveyance. that the purchase-money should all be paid to a third person, as trustee, to be applied in payment of such judgment, should it be affirmed in an action then pending. for a review; and that, by a subsequent oral modification, the promissory notes in question were executed and deposited with such trustee, for such purpose. The defendant answered, alleging that he had subsequently appealed from the judgment in such action for review to the Supreme Court, where such appeal was then pending.

*Held*, on demurrer, that the answer was insufficient.

From the Fountain Circuit Court.

Dunklebarger *v.* Whitehall *et al.*

*J. McCabe,* for appellant.

*W. H. Mallory, F. M. Dice, L. Nebeker* and *S. M. Cambern,* for appellees.

Howk, J.—This was a suit by the appellant, against the appellees, in a complaint of three paragraphs, to obtain the surrender, cancellation and satisfaction of three certain promissory notes, amounting in the aggregate to the sum of three thousand eight hundred dollars, executed by the appellant and payable to the order of the appellee Alexander L. Whitehall.

To the appellant's complaint, the appellee Whitehall separately answered in three paragraphs, of which the first was a general denial, and each of the second and third paragraphs stated affirmative matter, by way of defence. The appellant demurred, for the want of sufficient facts, to each of the second and third paragraphs of said answer, which demurrers were overruled by the court, and to each of these rulings he excepted.

The appellant then replied specially to said second and third paragraphs of answer, and to this reply the appellee Whitehall demurred, upon the ground that it did not state sufficient facts to constitute a good reply. This demurrer was sustained by the court, and to this decision the appellant excepted.

The appellee Whitehall filed a cross complaint against his co-appellees and the appellant, to which cross complaint the appellant's separate demurrer, for the want of sufficient facts therein, was overruled by the court, and his exception was duly saved to this decision.

The appellee Cyrus Brown, executor, etc., of Simon Brown, deceased, answered both the complaint and cross complaint, and disclaimed any interest in the notes in controversy. The appellee The First National Bank of Attica, Indiana, was duly called, but made default.

The appellant refused to reply further to the special

answers of the appellee Whitehall, and thereupon it was adjudged that he take nothing by his suit, and that the said Whitehall recover his costs. The appellant also refused to answer or plead further to said cross complaint; and thereupon it was adjudged that the appellee Whitehall was entitled to the possession of the three promissory notes in controversy in this action, and that he have and recover them, with his costs.

The following decisions of the circuit court have been assigned as errors, by the appellant, in this court :

1. In overruling his demurrer to the second paragraph of said Whitehall's answer;

2. In overruling his demurrer to the third paragraph of said answer;

3. In overruling his demurrer to said Whitehall's cross complaint; and,

4. In sustaining said Whitehall's demurrer to the appellant's reply.

Before considering any of the questions arising under these alleged errors, it is necessary, we think, to a proper understanding of this case, that we should give a summary, at least, of the facts stated by the appellant in the several paragraphs of his complaint, as constituting his supposed cause of action. In the first paragraph of his complaint, the appellant alleged, in substance, that on the 19th day of February, 1873, he purchased of the appellee Whitehall a certain quarter section of land, particularly described, in Fountain county, Indiana, for the sum of $7,200, which land the said Whitehall then conveyed to the appellant by a general warranty deed, a copy of which was filed with and made a part of the complaint; that a part of the purchase-money for said land was paid down, and for $3,800 thereof the appellant executed to said Whitehall three promissory notes, copies of which were made parts of the complaint; that said notes were placed in the hands of the

appellee Brown's testator, then living but since deceased, who had made a special deposit of them with the appellee The First National Bank of Attica, Indiana, the receipt for which was then in the hands of the appellee Brown; that, before the conveyance of said land to the appellant, George Crawford *et al.* recovered a judgment, in the court of common pleas of Fountain county, against the said Whitehall, for the sum of $3,637.81, which judgment was a lien on said land; that, in violation of the covenants in his said deed, the said Whitehall had refused to pay off said judgment, and that on January 23d, 1877, the appellant paid off the balance due thereon, to wit, $3,775.99, and, after deducting certain credits, he tendered to said Whitehall the balance due on said notes, to wit, $1,135.58, and brought the same into court and demanded that, on such payment, the court would order the said notes to be surrendered and cancelled.

The second paragraph of the complaint stated substantially the same facts as were stated in the first paragraph; and, in addition thereto, it set up a written agreement, entered into by and between the appellant, the appellee Whitehall and said Simon Brown, the testator of the appellee Cyrus Brown, by the terms of which agreement all the purchase-money for said land was to be placed in the hands of said Simon Brown, and by him to be paid to said Whitehall, as fast as he should discharge certain specified liens on said land; that a sufficient amount was to be retained by said Simon Brown to pay the said Crawford judgment, which said Brown was to pay with said money, in case it was finally affirmed and not set aside, in the proceedings instituted for that purpose; but if said judgment were set aside and finally defeated, so that no liability should exist against said Whitehall to pay the same, then said Simon Brown was to pay the said sum to said Whitehall, there being a bill to review said judgment then pending, brought by

said Whitehall in the circuit court; that the appellant had paid all said purchase-money, pursuant to said agreement, and the same had been paid to said Whitehall, except the $3,800 represented by said three notes, which had been signed and placed in said Brown's hands, by consent of the parties, instead of the money, to be applied in the same way the money was to have been used by said Brown; that the said Crawford judgment had long since been affirmed by the court where said bill of review was pending, and held binding and valid.

The third paragraph of the complaint contains all the allegations of fact stated in the second paragraph, with an additional averment, to the effect that the three promissory notes were substituted for the three thousand eight hundred dollars in money, pursuant to a subsequent modification of the original agreement.

Each of these paragraphs of complaint was demurred to, for the want of sufficient facts, in the circuit court; but in this court the appellees have not, in any manner, called in question the sufficiency of the facts stated in either of the paragraphs, to constitute a cause of action.

We come now to the consideration of those rulings below, which are complained of as errors, by the appellant. The first and second of these alleged errors may properly be considered together, for the second and third paragraphs of said Whitehall's answer, which are the subjects of these two errors, are substantially alike in their allegations,—the second paragraph being, on its face, an answer to the second and third paragraphs of the complaint, and the third paragraph of said answer being addressed to the first paragraph of the complaint.

In the second paragraph of his answer, the appellee Whitehall admitted that he executed to the appellant the warranty deed for the quarter section of land, in consideration of $7,200, and covenanted against incumbrances,

as alleged in the complaint; and he also admitted that the said judgment for $3,637.81, before that time rendered against him in and by said court of common pleas of Fountain county, was a lien on said land when so conveyed by him to the appellant; but he averred that said judgment was also a lien upon 600 acres of other land in said county, then and since owned by the appellee; and the appellee Whitehall further said that an appeal from said judgment had been taken from said court of common pleas to the Supreme Court, seeking to reverse the same for certain alleged errors therein, and that said judgment had before that time been affirmed by the Supreme Court, on said appeal. And said Whitehall averred, that he was then prosecuting a suit to review, avoid and set aside the said judgment, for fraud; which last mentioned suit was still pending and undetermined, in the Supreme Court, on appeal from the Montgomery Circuit Court. The said Whitehall further said, that, in view of said judgment of Crawford *et al.* against him, and of his proceedings then being prosecuted to avoid and set aside said judgment, a written agreement was entered into between him and the appellant, and said Simon Brown, since deceased, a copy of which agreement was made a part of the second paragraph of the answer; and that said agreement, after its execution, was modified by an oral agreement of all the parties thereto, so that the three promissory notes, mentioned in the complaint, were executed to said Whitehall, and placed in the hands of said Simon Brown, in lieu of so much money, under said written agreement so orally modified. The said Whitehall further said, that afterward an execution was issued on said judgment of Crawford *et al.*, to the sheriff of Fountain county; and, upon a demand for property by said sheriff, the said Whitehall designated and turned out, and the sheriff levied upon, a certain other quarter section of land in said county, ap-

praised at $——, and afterward, on the 24th day of August, 1875, reappraised on the demand of the judgment plaintiffs at the sum of $8,912.00; two-thirds of which sum would have been more than sufficient to satisfy said judgment, interest and costs, and that said judgment was subject to the relief laws of this State.

The said Whitehall averred, that, at the time of said levy, his interest in the land so levied upon was sufficient in value to satisfy said judgment, interest and costs; that on the 23d day of January, 1877, the said levy so made remained undisposed of, except as to the north-east quarter of said quarter section, which, on said reappraisement thereof, was valued at $2,200.00, and which was sold on June 10th, 1876, on an *alias* writ of *vendi. exponas,* for $1,466.67, which sum was applied by said sheriff in part payment of said judgment; and the residue of the land so levied on and appraised remained unsold.

The said Whitehall averred, that, by reason of the levy of said execution upon his lands other than the land he conveyed and warranted to the appellant, the said judgment, as against the land so conveyed to the appellant, was fully satisfied; and so he said that the payment by the appellant of said judgment, on January 23d, 1877, was purely voluntary, and without right as against him, said Whitehall, and in fraud and violation of his rights under the said written agreement; and he denied all the material allegations of the complaint, which were not confessed and avoided in and by said answer.

It seems to us, that the facts stated in this paragraph of answer were not sufficient to constitute a defence to the appellant's cause of action, as stated in either the second or third paragraph of his complaint. We are aware that the alleged levy of the execution issued on the judgment of Crawford *et al.,* as against the judgment plaintiffs, was *prima facie* a satisfaction of their judgments; and that, if

they were seeking to enforce their judgment either against the judgment defendant, Whitehall, or against his property other than that levied upon, in the hands of third persons, they, the judgment plaintiffs, would be required to show that, without any fault on their part, the alleged levy had not resulted in the actual and complete satisfaction of their judgment. The law on this subject was very fully considered by this court, in the recent case of *McCabe* v. *Goodwine*, 65 Ind. 288, WORDEN, C. J., delivering the opinion, in which a large number of the authorities bearing on the question are cited, examined and compared. We are of the opinion, however, that the rules of law on this subject are not applicable to, and have no proper bearing upon, the case now before us. The appellant was not the judgment plaintiff, and it did not appear, either from the complaint or by the answers, that he had any control whatever over the judgment or any execution issued thereon. He had purchased a valuable tract of land from the appellee Whitehall, for a large sum of money, and had received said appellee's deed, with full covenants of warranty, of such land. Before and at the time of the execution of said deed, the land so conveyed to the appellant was encumbered with the liens of divers judgments against said Whitehall, and, among others, the said judgment of Crawford *et al.*

Under the facts of this case, as shown in the answers, as well as by the complaint, in the absence of any agreement to the contrary it would seem to us that the appellant had a clear and undoubted right, as between him and the appellee Whitehall, to apply the unpaid purchase-money of the land so conveyed and warranted to him, to the actual and absolute payment and satisfaction of the said judgment of Crawford *et al.* He was not bound, we think, to depend upon or confide in any constructive or *prima facie* satisfaction of said judgment; nor was

he bound to await and see whether or not the alleged levy on other land would be productive ultimately of such a complete satisfaction of said judgment, as would entirely relieve his own land from the lien thereof. It must be borne in mind, that this is not a controversy between the appellee Whitehall, the judgment defendant, and the judgment plaintiffs or any one claiming under them; but the controversy in this case is limited clearly and exclusively to the judgment defendant Whitehall, on the one side, and his own grantee, the appellant, with full covenants of warranty, on the other side. In such a case, we can not doubt that the appellant, in the absence of any contract on his part to the contrary, would have a clear and indisputable right to extinguish and satisfy all prior and apparent liens on the lands so conveyed to him; and this he might do with the unpaid purchase-money, still owing by him to his grantor, Whitehall, or, if none had been owing, he might have paid and satisfied such liens out of his own proper means, and, having done so, he would have been clearly entitled to recover the amount so paid, from his grantor, Whitehall, under the covenants in the latter's deed. *Snyder* v. *Lane*, 10 Ind. 424; *Kent* v. *Cantrall*, 44 Ind. 452.

We have hitherto considered the sufficiency of the second paragraph of said Whitehall's answer, on the appellant's demurrer thereto for the want of facts, and without regard to the written agreement entered into by and between the appellant and the appellee Whitehall, and said Simon Brown, of and concerning the purchase-money of the land so conveyed by said Whitehall to said appellant, with full covenants of warranty, and of and concerning the application of said purchase-money to the satisfaction and extinguishment of all prior liens on said land, and particularly the lien of the said judgment of said Crawford *et al.* When this written agreement was executed, it

was intended and contemplated by all the parties thereto, that the entire purchase-money of the said quarter section of land, so conveyed by the said Whitehall to the appellant, to wit, the sum of $7,200, should be paid to and deposited with the said Simon Brown; and, in view thereof, it was stipulated in said agreement, after providing for the payment of sundry other liens on said land, that said Brown should " retain a sufficient amount of said money to pay and satisfy a judgment in favor of George Crawford *et al.* and against A. L. Whitehall, for $3,637.81, in the common pleas court of said county, in the event that said judgment is finally held affirmed and not set aside, in the proceedings instituted for that purpose, in which case they," said Brown and one George Snyder, " are to pay it and turn over any overplus to said Whitehall; but, if said judgment is set aside and finally defeated, so that no liability to pay the same exists against said A. L. Whitehall, then they," said Brown and Snyder, "are to pay over said balance to said A. L. Whitehall."

It would seem, that this written agreement was never in fact executed by the " George Snyder" named therein; but it appeared, both from the complaint and the answers, that the written agreement, after its execution by the other parties, was orally modified to the extent only, that, in lieu of so much of the purchase-money, the three promissory notes now sued for, to the amount in the aggregate of $3,800, were executed by the appellant to the order of said A. L. Whitehall, and deposited with said Simon Brown as so much money. It is very clear, we think, that these three notes were intended to represent and cover the amount of the judgment of said George Crawford *et al.* against said A. L. Whitehall, mentioned in said written agreement. There is no possible room, as it seems to us, for misconstruing or misunderstanding the force, effect and meaning of that part, above quoted, of the said written

agreement in relation to the payment and satisfaction, out of the purchase-money of the land so conveyed by the said Whitehall to the appellant, of the said judgment of Crawford *et al.* against the said A. L. Whitehall. Under the terms of said agreement, the said judgment, in the event it was not set aside in the suit then pending for that purpose, was to be paid and satisfied, *not* out of the proceeds of other property of the said Whitehall, but out of the purchase-money of the land so conveyed and warranted by him to the appellant. The oral modification of the agreement did not modify or change its terms, in this regard; nor did the fact that notes were executed for the unpaid purchase-money in any wise estop or preclude the appellant from applying, as he had the right to do, the purchase-money evidenced by said notes to the actual and absolute extinguishment and satisfaction of the said judgment, after the said Whitehall had failed, as he had, to have the same set aside, in his suit for that purpose.

It is manifest from the allegations of his answer, that the appellee Whitehall claimed or intended to claim, that his suit for the review of the said judgment of Crawford *et al.* against him, although the same had been decided against him, and the court had refused to review or set aside said judgment, was still pending, within the meaning of said written agreement, because he said that he had taken an appeal from the judgment adverse to him in his suit for review, and that such appeal was then pending in this court. It is a sufficient answer to this claim, as it seems to us, to say that the said Whitehall did not, in said agreement, save or reserve the right to such an appeal; and certainly the appellant in this case did not agree to abide or await the decision of this court on such appeal, before he would pay off and satisfy, as he had the right to do in the absence of such an agreement, the said judgment of Crawford *et al.* We may remark, parentheti-

cally, in this connection, that the appeal referred to was decided by this court, at its last term, adversely to said Whitehall, and is reported under the title of *Whitehall* v. *Crawford*, 67 Ind. 84, BIDDLE, J., delivering the opinion; and it would seem therefrom, that the said Whitehall had apparently no ground for a review of said judgment, and absolutely no ground whatever for any appeal to this court.

In the conclusion of the second paragraph of his answer, the said Whitehall alleged that the payment by the appellant, of the said judgment of Crawford *et al.*, on January 23d, 1877, was "purely voluntary." We do not know that we correctly understand just what was meant by this allegation; but if the said Whitehall intended thereby to claim that the appellant ought not to, and could not under the law, obtain any credit for the amount paid by him, in satisfaction of the said judgment, upon the unpaid purchase-money of the land so conveyed to him, and evidenced by his said three notes, upon the ground that his said payment was "purely voluntary," it would seem to us to be a most singular misapplication and perversion of the law in relation to "voluntary payments." The appellant had a clear and undoubted right to pay off and satisfy the said judgment, as an existing lien on the land so conveyed and warranted to him, and, in the absence of any agreement to the contrary, to hold his grantor and warrantor, Whitehall, liable to him for the amount so paid, whether his said payment was "purely voluntary," or made under legal compulsion.

We are clearly of the opinion, therefore, that the facts stated in the second paragraph of said Whitehall's answer were utterly insufficient to constitute a defence to the appellant's cause of action, and that the demurrer to said paragraph ought to have been sustained. It follows, also, from what we have said, that the court erred, in

our opinion, in overruling the appellant's demurrer to the third paragraph of said Whitehall's answer; for, as already stated, there is no material difference between the second and third paragraphs of said answer, as to the facts therein stated.

The conclusion we have reached, in regard to the insufficiency of these paragraphs of answer, renders it unnecessary for us to extend this opinion with a lengthy examination of the sufficiency, or rather insufficiency, of the cross complaint of the appellee Whitehall. Substantially the same facts were stated in this cross complaint, as a cause of action, as were pleaded by said Whitehall, in the second and third paragraphs of his answer, as a defence to the appellant's complaint. In our view of these facts, they utterly failed to show that the said Whitehall had any right to or interest in the three promissory notes in controversy in this action, beyond the amount which the appellant tendered him thereon, and brought into court for his use. Therefore, we think that the court clearly erred in overruling the appellant's demurrer for the want of sufficient facts, to said Whitehall's cross complaint.

We deem it unnecessary, also, for us to consider at length the sufficiency of the appellant's reply to the special paragraphs of said Whitehall's answer. As we have reached the conclusion that the facts alleged in these special paragraphs of answer were not sufficient to constitute a defence to the appellant's cause of action, it is immaterial, as it seems to us, whether the reply thereto was sufficient or not to withstand the demurrer of said Whitehall, for the want of facts; for a bad reply is certainly a sufficient reply to a bad answer.

The judgment is reversed, at the appellees' costs, and the cause is remanded, with instructions to sustain the appellant's demurrers to the second and third paragraphs of said Whitehall's answer, and to his cross complaint,

and for further proceedings not inconsistent with this opinion.

Petition for a rehearing overruled.