CORBETT v. WRENN.

[S. C. 35, Pac. 658.]

1. COVENANT AGAINST INCUMBRANCES KNOWN TO GRANTEE. — The fact that an incumbrance not excepted from the operation of a covenant was known to the grantee is no defense to an action for breach of such covenant.

2. PLEADING — ACTIONS SOUNDING IN CONTRACT OR TORT — CODE, §§ 67 AND 93.— A complaint which alleges that defendant sold certain land to plaintiff with a representation and a covenant that there were no incumbrances thereon except a mortgage for a specified amount; that said representation was false, and was so known to be by the defendant when made; and that plaintiff purchased in reliance on said representation; and was subsequently compelled to pay a much larger sum to release said mortgage, is open to a motion to strike out, under section 85 of Hill's Code, or to a demurer for misjoinder of causes of action, under sections 67 and 93, since the allegations sound in both tort and contract; but in the absence of such pleadings it is properly treated as an action for breach of covenant.

3. BREACH OF COVENANT — MITIGATION OF DAMAGES. — In an action for breach of covenant against incumbrances, evidence for defendant that plaintiff paid off an outstanding incumbrance complained of before maturity, else he would not have had to pay more than he was allowed therefor on the purchase price, is inadmissible to defeat the action, as the covenant is in fact broken, although it might be allowed in mitigation of damages.

XXV. OR.— 20.

4. BREACH OF COVENANT AGAINST INCUMBRANCES. — A covenant against
    incumbrances is broken so as to entitle the grantee to at least nominal
    damages, if at its date there was an outstanding incumbrance on the
    property not excepted from the operation of the covenant; and where
    the grantee pays off an incumbrance not excepted from the covenant,
    the amount so paid may be recovered from the grantor, less whatever
    the grantee may have agreed to pay for that purpose.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action by Rebecca Corbett against S. E.
Wrenn to recover damages for the breach of a warranty
against incumbrances. The facts are that on August
fifth, eighteen hundred and eighty-nine, the defendant
was the owner of real property in Multnomah County,
Oregon, known as Subdivision C in lot one of block five
in Portland Homestead; that at said date there was a
mortgage thereon executed by one R. H. Blossom, a former
owner, to the Franklin Building & Loan Association,
to secure the payment of a loan of two thousand three
hundred dollars in six years from November twentieth,
eighteen hundred and eighty-eight. The said loan was
made upon twelve shares of the capital stock of said
association, that were assigned to it by the mortgagor as
collateral security for the payment thereof, with interest
at the rate of nine per cent per annum, payable monthly
after forty-five months, together with all dues, fees, assess-
ments, and working expenses that might accrue upon
said shares of stock, and also all fines that might accrue
in accordance with the bylaws of said association by
reason of delinquency in payment of said interest or
otherwise. And it was stipulated in said mortgage that
if at any time the said shares of stock were by the board
of directors of said association adjudged to have reached,
by payments thereon, the par value of two hundred dol-
lars each, then there should be credited on said shares of
stock all unpaid dues, fees, assessments, installments,

working expenses, fees, and fines accruing thereon, and
on the loan thereby secured, and said shares of stock
should be thereupon canceled and surrendered to the
mortgagor. On said fifth day of August there was due
on said mortgage to the Franklin Building & Loan Asso-
ciation one thousand seven hundred and forty-five dollars
and sixty-six cents, and on that day the defendant, for
the expressed consideration of two thousand seven hun-
dred dollars, sold and conveyed said real property to the
plaintiff by a deed containing a covenant that said prem-
ises were free from all incumbrances, and that the grantor
and his heirs, executors, and administrators should war-
rant and forever defend the same and every part and
parcel thereof against the lawful claims and demands of
all persons whomsoever. The plaintiff paid nine hun-
dred dollars upon the execution and delivery of the deed,
eight hundred dollars two years later, and one thousand
nine hundred and ninety-seven dollars to the Franklin
Building & Loan Association in satisfaction of its mort-
gage upon said premises.

The plaintiff, in substance, alleges that the defend-
ant, at the time said sale was made, in order to induce
her to purchase the premises, represented that he was
the owner of twelve shares of stock in the Franklin
Building & Loan Association, and that a sufficient amount
had been paid thereon, so that, upon surrendering them
to the association, the mortgage held by it would be dis-
charged upon the payment of one thousand dollars, and
that any other or further sum represented by said mort-
gage had been fully paid by the defendant, and that,
relying upon said representations, she purchased said
property and took an assignment of said shares of stock;
that said representations were false, and known to be so
by the defendant at the time they were made; that they
were made for the purpose of misleading and defrauding

her, and that she would not have purchased said property but for the said false and fraudulent representations; that there was then due upon the surrender of said stock one thousand nine hundred and ninety-seven dollars, which was well known by the defendant, and that by reason of said mortgage the said amount was a valid lien and incumbrance upon said premises, which she was compelled to pay in order to remove the incumbrance and discharge the lien thereof, and that said sum was paid for the use and benefit of the defendant; that at the time said purchase was made she did not know the amount necessary to pay off and discharge said mortgage, except as represented by the defendant, and did not learn the truth thereof until after the sale had been consummated.  It is further alleged that the transaction between her and the defendant in relation to the purchase and sale of said premises was not reduced to writing until the execution and delivery of said deed, a copy of which is set out in *hæc verba*; that the amount named in said deed is the true and only consideration therefor, and the same has been fully paid by the plaintiff; that it was understood and agreed that upon the payment of two thousand seven hundred dollars, the plaintiff should receive from the defendant a perfect title in fee simple, free and clear of all incumbrances, and that the defendant in pursuance thereof executed and delivered said deed; that the defendant has failed to make good his statements and representations, and refused to carry out or make good his covenants of warranty, to the plaintiff's damage in the sum of nine hundred and ninety-seven dollars.

The defendant denied the material allegations of the complaint, and for a further answer, in substance, alleged: That in addition to the payments made by the plaintiff to him, she, in consideration for said conveyance, assumed

said mortgage, which was then a valid lien upon the property, and of record in said county; that the plaintiff accepted an assignment of said shares of stock, and became a member of the Franklin Building & Loan Association, and subject to the rules and laws thereof, and that under said rules, and according to the usual course of business in said association, plaintiff would not have been compelled to pay off the said mortgage had she kept the said shares of stock until their maturity. The plaintiff having denied these allegations of new matter, the cause was tried, and the jury returned a general verdict in favor of the plaintiff in the sum of seven hundred and forty-five dollars and sixty-six cents, together with interest thereon from August fifth, eighteen hundred and eighty-nine, and special verdicts as follows: "Question 1. Were the representations referred to in the complaint as having been made by defendant or his agent to plaintiff as to the amount required to pay off the mortgages in question false? Answer.—Yes." "Question 2. If these representations were false, did defendant, at the time he made them, if he did make them, know them to be false? Answer.—Yes." "Question 3. If the said representations were false, and if defendant made them and knew them to be false at the time he made them, did he make them with intent to defraud the plaintiff? Answer.—Yes." "Question 4. If the said representations were false, and defendant made them to plaintiff, did he or his agent make them as a matter of opinion? Answer.—Yes; as a matter of opinion."

The court having overruled defendant's motion for a new trial, rendered judgment on the general verdict, from which the defendant appeals.          AFFIRMED.

*Mr. Milton W. Smith,* for Appellant.

*Mr. W. L. Nutting,* for Respondent.

Opinion by MR. JUSTICE MOORE.

The alleged errors relied upon by the defendant may be divided into two classes: First, the rulings and instructions of the court treating.the action as being for a breach of warranty and not for deceit; and, second, to the rejection of testimony offered by him. The errors assigned under the first class are: 1. In overruling defendant's motion for a nonsuit. 2. In refusing to instruct the jury to find for the defendant. 3. In giving the following instructions: "I have already stated to you that the gist of this action is a covenant of warranty against any incumbrance of the land, and we have to look at it in that point of view. If you believe from the testimony that the consideration of the purchase was nine hundred dollars cash, the eight-hundred-dollar note and mortgage, and one thousand dollars for the release of the mortgage upon the property held by the building and loan association, then the defendant became bound to clear the property of all liens, not included in these three items, viz., nine hundred dollars cash, the eight-hundred-dollar note and mortgage of her own making, and the one thousand dollars to the loan company; and, if he failed to do it, or if the one thousand dollars would not do it at that time, and more had to be paid in order to accomplish it at that time, then the defendant is responsible for the amount required to remove the lien of that mortgage, and free the property from incumbrance, and no more. As to what was due on the day of the execution of this deed to satisfy that mortgage, you will remember what the evidence of the witnesses was, whether it was seventeen hundred dollars and some odd dollars, more or less, whichever it was you will remember; and if you find that the agreement concerning the sale was that one thousand dollars only should be paid to the

loan company by plaintiff, then whatever there was more
than one thousand dollars,—whatever was needed on
that date besides the one thousand dollars to pay off that
claim, together with interest from the date on which the
payments were made, should be awarded to plaintiff in
this action,—the difference between one thousand dol-
lars and the amount due the loan company at that date."
4. In rendering judgment against the defendant.  If the
above instruction, as given by the court, was correct, it
will not be necessary to examine the other matters as-
signed as error under the first class.

1.  The complaint contains all the necessary allega-
tions of an action for a breach of the covenant against
incumbrances:  Rawle on Covenants, 114; 1 Estee's Plead-
ing (3d Ed.), § 1270.  The incumbrance was not excepted
from the operation of the covenant, and the fact that
plaintiff was aware of its existence when the deed was
delivered, would have been no defense:  Rawle on Cove-
nants, 117; *Medler* v. *Hiatt,* 8 Ind. 171; *Snyder* v. *Lane,*
10 Ind. 424.

2.  If this action be interpreted as one for a breach
of the covenant, it follows that all allegations in relation
to the representations of the defendant, his knowledge of
their falsity, the intention with which they were made,
and the plaintiff's reliance thereon, were unnecessary
and immaterial, and might have been stricken out on
motion.    Deceit is an action sounding in tort, while
covenant arises out of a contract, and a complaint in
which they are joined is subject to demurrer:  Hill's
Code, §§ 93, 67.  The authorities, however, are quite uni-
form in holding that unless the objection is taken by
demurrer, it is waived:  Green on Pleading, § 882.  The
object and purpose of a demurrer in such cases is to com-
pel the opposite party to elect the cause of action or de-
fense upon which he relies, and, as no demurrer to the

complaint was filed in the case at bar, the court, under
the rule that pleadings shall be liberally construed,
(Hill's Code, § 84,) was justified in instructing the jury
that the gist of the action was the alleged breach of war-
ranty against incumbrances. This view disposes of the
errors assigned under the first class.

3. The assignments under the second class are: "The
circuit court erred in sustaining plaintiff's objection to
the following questions propounded to the witness, H. H.
Northup, and refusing to permit him to answer the same:
"Examine this mortgage, which is marked 'Plaintiff's
Exhibit D,' and state, if you know or can tell, how much
would be due on that mortgage on August fifth, eighteen
hundred and eighty-nine? Under the rules of the
association, when would that mortgage become due?"
In sustaining plaintiff's objection to the following ques-
tions propounded to the witness, A. C. Mackenzie, and
refusing to allow him to answer the same: "Can you
tell when that mortgage would become due?" "Can
you tell how much Mrs. Corbett would have had to pay
if she had continued her payments on the mortgage
until it matured?" The bill of exceptions shows that
"The defendant's counsel stated that the object of the
questions propounded to Mr. Northup was to draw from
the witness testimony to the effect that if plaintiff had
paid off the mortgage when it became due, instead of
paying it off prior to its maturity, she would have been
compelled to have paid only the sum of one thousand
dollars." "And that the object of each of said questions
propounded to Mr. Mackenzie was to draw out the fact
that if plaintiff had held the stock pledged as collateral
security with the Franklin Building & Loan Association,
until its maturity, or until the maturity of the said mort-
gage, instead of paying off the said mortgage and sur-
rendering the said stock before their maturity, she would

have been compelled to pay the sum of one thousand dollars and no more."

There seems to be no controversy in relation to the amount that plaintiff was to pay in order to discharge the incumbrance. Both parties appear to agree that one thousand dollars was the correct sum, and hence the true consideration is expressed in the deed; but the defendant contends that this sum was not payable until the maturity of the mortgage, unless the stock held as collateral security for the payment of the loan had reached its par value before that time, while the plaintiff contends that she was to have a perfect title to the property free from all incumbrances, upon the payment of the amount agreed upon. The chief question in issue was: When, under the agreement, was this sum payable? No response to the questions propounded to the witnesses Northup and Mackenzie, with the purpose avowed by counsel could have tended to determine this issue, and besides the mortgage would have furnished the best evidence upon this question.

4. The defendant, for the purpose of mitigating the damages, had the right to show by parol that the plaintiff had assumed and agreed to pay off and discharge the mortgage, as a part of the consideration for the conveyance: *Leland* v. *Stone,* 10 Mass. 459; *Spurr* v. *Andrew,* 6 Allen, 420; *Harlow* v. *Thomas,* 15 Pick. 66; *Allen* v. *Lee,* 1 Ind. 58, 48 Am. Dec. 352; *Medler* v. *Hiatt,* 8 Ind. 173; *Pitman* v. *Conner,* 27 Ind. 337; *Fitzer* v. *Fitzer,* 29 Ind. 468; *Sidders* v. *Riley,* 22 Ill. 111; *Laudman* v. *Ingram,* 49 Mo. 212. The reason assigned for the introduction of the evidence was not in mitigation of damages, but to negative the covenant, by showing that the mortgage could have been discharged at matruity upon the payment of one thousand dollars, and therefore the defendant was not liable on his covenant. The defendant being liable

for at least nominal damages, the evidence was properly rejected.

Another reason for rejecting the evidence is that a covenant against incumbrances is broken if the land at the time of the conveyance is subject to an incumbrance not excepted in the deed, which upon its delivery entitles the vendee to nominal damages: Rawle on Covenants, 89. The doctrine is also well settled that if the covenantee has extinguished the incumbrance he is entitled to recover the amount paid for it: *Pillsbury* v. *Mitchell*, 5 Wis. 17; *Eaton* v. *Lyman*, 30 Wis. 39. As the mortgage to the association was a valid lien upon the premises at the time of the conveyance, not excepted from the operation of the covenant, which plaintiff has discharged, it follows that she is entitled to recover whatever sum she has paid out for that purpose in excess of the amount she had agreed to pay. The judgment of the lower court must be affirmed.        Affirmed.

---

[Argued Nov. 29, 1893; decided Jan. 29, 1894; rehearing denied.]