Argued March 1, modified March 29, 1921.

## SAYLES v. DANIELS SALES AGENCY.

(196 Pac. 465.)

**Sales—Petition Alleging Indebtedness for Goods Sold and Delivered Held Insufficient.**

1. A cause of action, pleading the mere legal conclusion that defendant was indebted to plaintiff for goods sold and delivered to defendant at its special instance and request, without alleging who furnished the goods, what their value was, or that defendant promised to pay for them, was insufficient.

**Money Paid—Cause of Action, Though Indefinite, Held Sufficient.**

2. A cause of action, alleging that plaintiff at defendant's request advanced a specified sum for freight on a truck, which defendant promised and agreed to pay, while indefinite, was sufficient, in the absence of a motion to make it more definite and certain.

**Pleading — Cause of Action for Commissions, Though Indefinite, Held Sufficient, in Absence of Motion.**

3. A cause of action, alleging that plaintiff and defendant entered into a contract whereby defendant agreed to pay a commission on the sale of automobiles and trucks, that plaintiff pursuant thereto sold one automobile and one truck, and that the commission thereon was a specified amount, which defendant had failed to pay, though payment had been demanded, except the sum of $100, leaving a specified balance, though indefinite, was sufficient, in the absence of a motion to make it more definite and certain.

**Pleading — Answer Containing Denial and Allegation of Payment Held to Admit Rendition of Services.**

4. In an action for a commission agreed to be paid on sales of automobiles, an answer denying all the allegations of the complaint, and alleging that plaintiff assisted in selling automobiles and trucks, and was paid in full for his services, when construed most strongly against the pleader, showed that plaintiff rendered the services, but had been paid therefor.

**Names—Appending Address, Including Name of Garage, to Signature, not Use of Assumed Name.**

5. Appending the address, "City Garage, Dallas, Oregon," to a party's signature to a contract, did not constitute the use of a fictitious or assumed name, not registered as required by Section 7777, Or. L., so as to prevent a recovery on the contract.

**Abatement and Revival—Objection That Plaintiff is Doing Business Under Assumed Name Should have Been Raised by Plea in Abatement.**

6. The objection that the contract sued on showed plaintiff was doing business under a fictitious or assumed name, contrary to Section 7777, could be raised only by plea in abatement, where the fact did not appear in the complaint.

**Pleading—Misjoinder of Causes Waived, When Objection not Taken by Demurrer.**

7. Under Section 72, Or. L., the objection that causes of action are improperly joined was waived, when there was no demurrer on that ground.

**Action—Causes of Action for Goods Sold, Moneys Advanced, and Commissions on Sales may be Joined.**

8. Causes of action for goods sold, moneys advanced for the payment of freight charges at defendant's request, and commissions agreed to be paid on sales of automobiles all arose out of contract, and were properly joined, under Section 94, Or. L.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 1.

This is an action in *assumpsit* to recover for goods sold, money advanced, and commission agreed to be

paid on sales of automobiles. The complaint is as follows:

"That at all times hereinafter mentioned, the Daniels Sales Agency was a corporation duly existing under and by virtue of the laws of the State of Oregon.

"That on the sixth day of January, 1919, the defendant was indebted to plaintiff in the sum of six and 45–100 dollars for goods, wares, and merchandise sold and delivered to the defendant at its special instance and request.

"That the same has not been paid nor any part thereof.

"Plaintiff for a first further and separate cause of action against the above named defendant alleges:

"That at all the times hereinafter mentioned, the defendant was a corporation duly existing under and by virtue of the laws of the State of Oregon.

"That the plaintiff on the twenty-first day of January, 1919, advanced, at the special instance and request of the defendant, the sum of $22.34 for freight on a truck, which the defendant promised and agreed to pay.

"That the same has not been paid nor any part thereof.

"Plaintiff for a second further cause of action alleges:

"That at all the times hereinafter mentioned the defendant was a corporation duly existing under and by virtue of the laws of the State of Oregon.

"That on the first day of January, 1919, the plaintiff and defendant entered into a contract wherein and whereby the defendant agreed to pay a commission on the sale of automobiles and trucks, and that the plaintiff, in pursuance of said contract, did sell one automobile and one truck, and that the commission on the same was and is $581.25, which the defendant has failed and neglected to pay, although the same has often been demanded of the defendant by the plaintiff, except the sum of $100, leaving a bal-

ance due and owing the plaintiff of the sum of $481.25.

"Wherefore, the plaintiff prays judgment against the defendant for the sum of $508.99 and interest thereon, and for the costs and disbursements of this action."

The answer consists in a denial of each and every allegation of the complaint, including the averments of defendant's corporate existence, and of the following affirmative defense:

"That plaintiff assisted in selling automobiles and trucks, and that he was paid for in full, for the services mentioned in plaintiff's complaint, and that there is nothing due or owing to plaintiff as mentioned aforesaid in plaintiff's complaint."

There was a verdict for plaintiff, and defendant appeals.                                    MODIFIED.

For appellant there was a brief over the names of *Mr. Morris A. Goldstein* and *Mr. F. S. Senn,* with an oral argument by *Mr. Goldstein.*

For respondent there was a brief and an oral argument by *Mr. George J. Cameron.*

McBRIDE, J.—The presiding judge who tried this case in the court below characterized the pleadings, both of plaintiff and defendant, as being "bum," and while that term is not defined in Bouvier or any standard work on pleading, it is sufficiently known colloquially to enable us to say that the designation was not wide of the mark.

1. The first attempted cause of action pleads the mere legal conclusion that "defendant was indebted to plaintiff" for goods, wares, and merchandise sold and delivered to defendant at its special instance and

request. It does not show who furnished the goods, or what their value was, or that defendant promised to pay for them, and we are not able to stretch the mantle of charity sufficiently to make it cover these defects. In support of the sufficiency of the allegations, counsel for plaintiff cites *Nicolai* v. *Krimbel,* 29 Or. 76 (43 Pac. 865); but in that case there was an allegation that plaintiff sold and delivered the goods to defendant, while here we are left in the dark as to who sold and delivered the merchandise. There is no cause of action stated, and this item of $6.45 must be eliminated.

2–4. As to the second and third causes of action, we are of the opinion that while indefinite in statement they are sufficient. If the defendant wished a further statement, its remedy was by a motion to make more definite and certain. They are perhaps quite as definite as the answer, wherein the defendant after denying its own existence and denying that any moneys were advanced by plaintiff at its request, that it entered into a contract with plaintiff to pay a commission on the sale of automobiles and trucks, or that plaintiff sold an automobile or truck, in the next breath admits that plaintiff did assist defendant in selling automobiles and trucks, and pleads that it has paid plaintiff in full ''for the services mentioned in plaintiff's complaint.'' The legal conclusion from the whole answer, taking it as we must, most strongly against the pleader, is that plaintiff rendered the services alleged in the complaint and has been paid therefor.

5, 6. An objection is made that a written contract between plaintiff and defendant showed that plaintiff was doing business under a fictitious or assumed name, and in the absence of a showing that such

designation was registered with the county clerk as required by Section 7777, Or. L. (Olson's Compilation), the plaintiff cannot recover. The contract was signed, "Burton P. Sayles, City Garage, Dallas, Oregon." Appending the signer's place of business and postoffice address to his signature did not constitute a fictitious or assumed name; and if it did, the objection could be raised only by plea in abatement, as that fact did not appear in the complaint, nor was it suggested in the answer: *Benson* v. *Johnson,* 85 Or. 677 (165 Pac. 1001, 167 Pac. 1014).

7, 8. It is also objected that the causes of action are improperly joined. This objection, even if well taken, would be unavailable here, as there was no demurrer on that ground, and it was therefore waived: Section 72, Or. L.; *Corbett* v. *Wrenn,* 25 Or. 305 (35 Pac. 658). The causes of action all arose out of contract and were therefore properly joined: Section 94, Or. L.; *Bade* v. *Hibberd,* 50 Or. 501 (93 Pac. 364).

9. Objection was made to the admission of certain testimony tending to show that the written agreement introduced was misdated. The plaintiff did not declare upon the written agreement, nor did the defendant's answer allude to it. The plaintiff's oral testimony tended to show that the sale of the automobile was made on December 28th or 29th; that it was made under practically the same agreement as that shown in the writing; and that the original draft of the agreement was drawn up by plaintiff's wife on December 29th, and was intended to take effect as of that date, but was taken to Portland by defendant's president to be copied, and the date of January 1, 1919, the actual date of the signing, was there inserted. The writer is of the opinion that the affirm-

ative answer of defendant amounts to an admission of the rendition of the services for which the plaintiff brings this action, and that the only defense is the value of the services and payment therefor. But, conceding the contrary to be true, the date is not material: Bliss on Code Pleading (3 ed.), § 283.

Taken as a whole, we find no error in the proceedings in the Circuit Court except the submission of the first alleged cause of action to the jury. In all other respects we are of the opinion that the verdict of the jury was in accordance with the weight of the evidence. The judgment will be modified, by deducting therefrom the sum of $6.45, and a judgment will be entered in favor of plaintiff for the sum of $502.54 and his costs and disbursements in the Circuit Court, there taxed at $33.85. As neither party has fully prevailed in its contentions here, neither will recover costs on this appeal.                         MODIFIED.

BURNETT, C. J., and BEAN and HARRIS, JJ., concur.