Argued October 8, affirmed November 13, 1968

DeCICCO, *Respondent, v.* OBER LOGGING
CO., INC., *Respondent,*
and
UNITED STATES RUBBER COMPANY,
*Appellant.*
447 P. 2d 297

*A. Richard Grant*, Portland, argued the cause for appellant. With him on the briefs were Vosburg, Joss & Bosch, Portland.

*Roger Tilbury*, Portland, argued the cause and filed a brief for plaintiff and respondent.

No appearance for defendant and respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

## GOODWIN, J.

Defendant United States Rubber appeals from a judgment for plaintiff and assigns error to the court's failure to sustain a demurrer grounded upon a misjoinder of causes of action.

Plaintiff, an unpaid seller of tires, commenced an action against Ober Logging Co., the purchaser, for the purchase price. In the same action, plaintiff later joined as a defendant the manufacturer, United States Rubber, and alleged that if the purchaser was not liable for the price then the manufacturer was liable for a breach of warranty. The issue of an alleged defect in the merchandise was common to both causes of action. In federal practice, such an attempted joinder of parties and causes of action would be allowed, to prevent multiplicity. See Fed R Civ P 18, 19, 20. Our procedure, however, is governed by ORS 16.220. The statute reads as follows:

> "(1) The plaintiff may unite several causes of action in the same complaint when they all arise out of:
>
> "(a) Contract, express or implied.
>
> "* * * * *
>
> "(2) The causes of action so united must all belong to one only of these classes, must affect all the parties to the action, not require different places of trial, and must be stated separately."

Plaintiff, urging the desirability of simplified procedure, asks us to construe ORS 16.220 (2) to permit joinder in the case at bar. Defendant, conceding that the attempted joinder in the case at bar would prevent a multiplicity of actions, argues that ORS 16.220 (2) does not permit the proposed construction, and that a

change in the rules of pleading of the magnitude of the one proposed here ought to be made by the Legislative Assembly rather than by the court.

We agree with the defendant. Statutory construction to give effect to legislative intent is a proper judicial function. But outright statutory revision in the name of construction is another matter. This court has correctly described ORS 16.220 (2) as declarative of the rule of common-law pleading which prohibited joinder of separate and distinct causes of action against defendants severally liable. *Hayden v. Pearce,* 33 Or 89, 52 P 1049 (1898). It seems clear that the Assembly intended to codify the common-law rule, which was well understood at the time ORS 16.220 was enacted, and we have no warrant to change the rule at this time. Under the circumstances, reversal would be a matter of course, were it not for procedural difficulties which present a question of waiver.

One of our pleading statutes provides that, except for want of jurisdiction and failure to state a cause of action, the statutory grounds for demurrer are waived if the pleader fails to object by way of demurrer (or by answer where the defect does not appear on the face of the complaint). ORS 16.330.

The record in this court material to the waiver question is the trial court file. The pleadings open with a complaint filed solely against the purchaser of the tires. This complaint was soon followed, however, by an *ex parte* order allowing the joinder of the manufacturer as an additional defendant. The plaintiff next filed a first amended complaint in which the newly joined defendant was charged with a breach of warranty. The new defendant interposed a timely demurrer which was grounded upon the misjoinder of

causes of action and of parties. The demurrer should have been sustained on the grounds asserted in the demurrer.

Instead of either sustaining or overruling the demurrer on the grounds assigned, however, the then presiding judge appears to have sustained the demurrer on grounds that had never been proposed, i.e., that the complaint failed to state a cause of action. The net effect of the order was that no ruling was ever made upon the point raised by the demurrer. Nonetheless, the plaintiff filed a second amended complaint.

The new pleading persisted in joining the same nonjoinable causes of action alleged in the earlier pleading. To the second amended complaint, the defendant did not, by demurrer, renew the objection that nonjoinable causes of action again had been joined against several defendants who were liable only severally. Such a demurrer would have given the presiding judge another opportunity to rule correctly upon the point in issue. Instead, the defendant answered over, pleading various defenses on the merits.

■■ When in due course the case was assigned to a department for trial, the defendant moved orally to "put on record a reiteration of the Motion and Demurrer we made * * * [against the first amended complaint]." The trial court thereupon allowed counsel to state for the first time in the record the objection that the second amended complaint contained a misjoinder of causes of action and of parties defendant. The trial court took note of the point, but "overruled" the oral "demurrer". Since there is, in our practice, no such pleading as an oral demurrer, the trial court cannot be charged with error in refusing to treat the defendant's oral exercises as a demurrer.

ORS 16.040; 16.070; *English v. Savage,* 5 Or 518, 521 (1875).

The case therefore comes to us upon a relatively narrow question of statutory construction under ORS 16.330: Must a defendant who, having once made a timely objection by way of demurrer, and whose demurrer has never been ruled upon, renew his demurrer before answering on the merits a subsequent complaint which contains the same defect originally attacked by demurrer?

█ It is clear that if the presiding judge had overruled the defendant's demurrer to the first amended complaint, that ruling would have been error, and the error could have been remedied upon appeal even though the defendant had answered over. ORS 16.330. However, the presiding judge did not overrule the demurrer. On the only issue presented by the demurrer, the judge made no ruling at all.

█ Under ORS 16.330, misjoinder is a pleading defect that is waived if not raised by demurrer. *Corbett v. Wrenn,* 25 Or 305, 35 P 658 (1894). When confronted with a second amended complaint which once again misjoined nonjoinable causes of action, the defendant should have filed a new demurrer. The defendant had never obtained from the presiding judge a ruling upon the issue of misjoinder. Until ruled upon, the issue was one that could be waived. Nonetheless, the defendant filed an answer alleging defenses on the merits. The case was tried on those pleadings, and went to judgment. We hold, therefore, that this is a proper case in which to invoke the doctrine of waiver by pleading to the merits. See *Sayles v. Daniels Sales Agency,* 100 Or 37, 42, 196 P 465 (1921). A pleader is entitled to rely upon the letter of the law with re-

spect to procedural requirements, but if he expects this court to reverse a judgment because of a procedural irregularity, and the irregularity is one that is not manifestly prejudicial, the pleader should bring up a record in which his own pleadings are in order.

Affirmed.